GEORGE H. NOYES *vs.* CITY COUNCIL OF SPRINGFIELD.

Hampden.     September 26. — October 22, 1874.     WELLS & COLT, JJ.,
did not sit.

A writ of certiorari to quash an order of a city council, altering the grade of a highway at a railroad crossing, and awarding damages to the abutters, passed pending proceedings before the county commissioners for the same object; will not be granted upon a petition filed by an abutter after the work under the order has been, with his knowledge, commenced and prosecuted for more than a month and nearly to completion

PETITION filed August 31, 1874, for a writ of certiorari, to quash an order of the city council of Springfield, passed July 20, 1874, lowering the grade of Chestnut Street at and near the crossing of the same by the Boston and Albany Railroad, and awarding damages to the abutters, of whom the petitioner was one. The case was heard and reserved with that of *Powers, ante,* 84, and was substantially like that case, except that the only hearing upon the question of the assessment of damages, notice of which was

served upon the petitioner, was before the board of public works, and prior to the order passed by the city council on the report of that board; that the city began to cut down Chestnut Street on July 29, and on September 2, when this petition was served, had removed eleven thousand cubic yards of earth, being about eleven thirteenths of the whole amount which would have been removed in completing the work called for by the order of the city council; that it would cost $5500 to replace the street in the condition in which it was before the work was begun; and that the petitioner knew of the commencement and progress of the work.

*H. Morris*, (*B. F. Thomas* with him,) for the petitioner.

*A. L. Soule*, for the respondents.

GRAY, C. J. This case differs from that of *Powers* v. *City Council of Springfield, ante*, 84, in an essential point. The order of the city council, lowering the grade of Chestnut Street, was not void, but voidable only, and cannot be avoided except by writ of certiorari, and upon the petition of a party entitled to relief. It appears by the report of the justice of this court before whom the case was heard, that this petitioner, with full knowledge of the proceedings before the city council and its order thereon, has allowed the work to proceed under that order so far, that it has been nearly completed, and the street cannot be restored to its original condition without the expenditure of a large sum of money. His petition for a writ of certiorari to quash that order, being addressed to the discretion of the court, should not therefore be granted. *Whately* v. *County Commissioners*, 1 Met. 336. *Eaton* v. *County Commissioners*, 7 Gray, 109, 112. *Pickford* v. *Mayor & Aldermen of Lynn*, 98 Mass. 491. *Petition dismissed.*