FREDERICK H. ANDRES *vs.* JUSTICES OF THE MUNICIPAL COURT
OF THE CITY OF BOSTON.

Suffolk.    November 22, 1916. — January 4, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Certiorari.    Laches.    Intoxicating Liquors.    License.*

One, who owned land which he alleged was within twenty-five feet of premises de-
scribed in a license granted by the licensing board of the city of Boston for the
sale of intoxicating liquors, when application first was made for such a license
filed an objection based upon that fact but did nothing further, and the license
was granted. When application for a license as to the same premises was
asked for the next year, the landowner again made objection. The license never-
theless was granted on April 16, to run until May 1 of the next year. Forty-seven
days before the license expired, the landowner filed a petition in the Municipal
Court of the City of Boston under R. L. c. 100, § 15, as amended by St. 1906,
c. 287, to have it revoked. A judgment dismissing the petition was entered
twelve days after the license had expired and eleven days later the landowner
filed a petition for a writ of certiorari to quash the proceedings of the Municipal
Court of the City of Boston, contending that he had a right to have the writ
issue so that his rights would not be precluded under the statute by reason of
the fact that otherwise the licensee would have held a license "for the two
years next preceding the date" of his next application. *Held,* that, regardless
of the merits of the petitioner's contention that he owned land within twenty-
five feet of the licensee's premises, the petition for a writ of certiorari must
be dismissed by reason of the petitioner's delay.

PETITION, filed in the Supreme Judicial Court on May 23, 1916,
for a writ of certiorari to quash the proceedings of the Municipal
Court of the City of Boston refusing to revoke a license for the
sale of intoxicating liquors, described in the opinion, granted on
April 16, 1915, by the licensing board of the city of Boston to
Lawrence Kennedy and Mary A. Kennedy, doing business as
Lawrence Kennedy and Company. The petitioner alleged that
he owned land within twenty-five feet of the premises for which
the license was granted.

The petition was reserved by *Carroll,* J., for determination by
the full court.

R. L. c. 100, § 15, as amended by St. 1906, c. 287, provides as
follows: "If before the expiration of the ten days following the

publication of the notice [of application for a license], as required by the preceding section, the owner of any real estate within twenty-five feet of the premises described in an application for a license to be exercised by a common victualler to sell liquors to be drunk on the premises notifies the licensing board in writing that he objects to the granting of the license, no license to sell intoxicating liquors to be drunk on said premises shall be granted, unless the applicant therefor shall, for the two years next preceding the date of his application, have held a license for the sale of intoxicating liquors upon said premises. If, after such objection has been filed, a license is granted to an applicant who has not held for the two years next preceding the date of his application a license to sell intoxicating liquors as a common victualler upon said premises, the owner of any such real estate may apply for a hearing to a police, district or municipal court or trial justice within whose jurisdiction the premises are situated; and said court or trial justice, if it appears that due notice was given by the said owner of his objection to the granting of such license, shall revoke the license and send notice thereof to the licensing board. A city or town in which such license has been so revoked shall refund to said licensee or his legal representatives the money expended by him for said license and his court fees and costs. If, after such objection filed as aforesaid, a license shall be granted to an applicant, who, for the two years next preceding the date of his application, has held a license to sell intoxicating liquors as a common victualler upon said premises, the owner of any such real estate may apply for a hearing to a police, district, municipal court or trial justice within whose jurisdiction the licensed premises are situated, and if it shall appear to the satisfaction of such court or magistrate either that said objections are made in good faith or that the granting of said license and the business carried on thereunder will be a detriment to the reasonable use and enjoyment of such real estate of said objecting owner, said court or magistrate shall notify the licensing board thereof, and said license shall be inoperative and of no effect in said premises: provided, however, that said board may transfer the license to other premises. If the licensing board refuses to transfer the license, or if the licensee shall elect to surrender said license, the city or town in which the license has been exercised shall then refund to the licensee or his

legal representatives that part of the license fee proportionate to the unexpired term of the license and his court fees and costs. Where at the time of the application no license for the sale of intoxicating liquors as a common victualler on the premises in question is in force, the licensing board shall in addition to the notice required by section fourteen of this chapter send written notice of such application, together with a copy of said section fourteen and of this section, to the owner or owners of the above mentioned real estate so far as they are disclosed by the records of the assessors."

*S. R. Jones,* for the petitioner.

*J. F. Sullivan,* for the respondents, was not called upon.

DE COURCY, J. The application of Lawrence Kennedy and Company for a first class license to sell intoxicating liquors as victuallers described the premises for which the license was sought as follows: "No. 408 Massachusetts Ave. and rear entrance to cellar, in said Boston, in one room and office, first floor, cellar and subcellar for stock only, of said building." When the application was filed the wall in the cellar separating the storeroom of Kennedy and Company from the space used by other tenants of the building was forty-eight feet, and the wall in the subcellar was fifty-two feet and ten inches from the premises of the petitioner Andres. A substantial stud partition divided the first floor so that the portion occupied by Kennedy and Company was twenty-six feet and two inches from the premises of Andres.

The judge of the Municipal Court found that "the licensing board intended to license and did license only such walled off portion of each floor as shown within the heavy white lines on each plan, and the entrance to the subcellar used by Kennedy indicated by 'E' on plan 'P 3';" and also that "no part of the premises licensed for the year beginning May 1, 1915, is within twenty-five feet of the applicant's [Andres's] premises." Finding that the license was issued legally, he ordered that the petition to revoke it be dismissed.

The petitioner, by a petition for a writ of certiorari, seeks to have the order of the judge revoked and the license of Kennedy and Company for the year 1915, declared void, on the ground that the application described premises within twenty-five feet of his real estate. Without further considering the merits of his con-

tention, the following facts are important on the question of his right to invoke this extraordinary and discretionary writ.

When Kennedy and Company applied for a license for the year beginning May 1, 1914, Andres duly filed an objection to the granting of it. Apparently he took no further action, as the licensing board issued the license and it expired of its own limitation. The license now in question was applied for on February 16, 1915; notice of the application was published on March 13; Andres duly filed his objection on March 23; and the licensing board granted the license on April 16, 1915. Under the provisions of R. L. c. 100, § 15, as amended by St. 1906, c. 287, this petitioner then could have applied to the Municipal Court for a hearing; and as Kennedy and Company had not held a license in that place for the two years next preceding, if it appeared that he, Andres, was "the owner of any real estate within twenty-five feet of the premises described in [Kennedy's] application for a license to be exercised by a common victualler to sell liquors to be drunk on the premises," it would have been the duty of the judge to revoke the license and send notice thereof to the licensing board. But the petitioner's application, if made, should be made promptly. The Legislature, recognizing that the licensee in such a case is without fault, provides that the city shall refund to him the money expended for his license and his court fees and costs. And if, as the petitioner contends, the license was issued illegally and void, delay in establishing that fact might render Kennedy and Company civilly or criminally liable for the illegal sale of intoxicating liquors. See *Cheney* v. *Coughlin*, 201 Mass. 204.

Nevertheless it appears that the petitioner did not petition the Municipal Court for the revocation of the license until March 14, 1916, when the license year had almost expired. His petition was dismissed April 18, 1916; and judgment was entered May 12, 1916. When the present petition for a writ of certiorari was filed, namely, May 23, 1916, the license which the petitioner seeks to have revoked had expired of its own limitation. The only suggested advantage which this petitioner would gain by a declaration that the license in question was invalid is that he then could prevent the issuing of a new license; as Kennedy and Company would not have held a license "for the two years next preceding the date" of their application. But the statute (R. L. c. 100, § 15, as amended)

still gives him the same power, if it shall appear to the satisfaction of the judge of the Municipal Court "either that said objections are made in good faith or that the granting of said license and the business carried on thereunder will be a detriment to the reasonable use and enjoyment of such real estate of said objecting owner."

In these circumstances, regardless of the merits of the petitioner's attack on the license, substantial justice does not require the granting of this discretionary writ on behalf of one who, with full knowledge of all the facts, and for no apparent reason, allowed the licensee to carry on his business unquestioned until the license in question had almost expired. *Farmington River Water Power Co. v. County Commissioners*, 112 Mass. 206, 212. *Noyes* v. *City Council of Springfield*, 116 Mass. 87. *Rudnick* v. *Murphy*, 213 Mass. 470.

*Petition dismissed.*