CECILIA A. BYFIELD *vs.* CITY OF NEWTON & another.

Middlesex.    October 15, 1923. — November 28, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Certiorari. Eminent Domain. Practice, Civil*, Certiorari proceedings, Parties, Waiver. *Damages*, For property taken or damaged under statutory authority. *Jury and Jurors. Laches.*

It is improper, in a petition for a writ of certiorari to quash proceedings of the board of aldermen of a city in relation to an order purporting to take land of the petitioner by eminent domain, to join the city as a party respondent.

The proper pleading to be filed by respondents in a petition for a writ of certiorari directed to the board of aldermen and the mayor of a city relative to an order purporting to take land by eminent domain, is a return of all their official doings touching matters alleged in the petition and not

an answer; and such return should be signed by all the individual respondents and members of the board and not by some of them alone or by an attorney for them or for any of them.

On the return date of an order of notice issued upon the filing of a petition for a writ of certiorari in which the board of aldermen and the mayor of a city were named as respondents and which sought to quash an order of the respondents purporting to take land of the petitioner by eminent domain, the respondents, without the issuance of an order directing them to file a return, filed what was denominated an "answer," which included a detailed statement of all their official doings as well as allegations of extrinsic facts to show that substantial justice did not require that the proceedings be quashed, and which was signed in the name of the board of aldermen by its president, and by the mayor. *Held,* that

(1) Although the proper pleading would have been the filing of a return instead of an answer, the answer, being in substance and fact a sufficient return, was so treated;

(2) Such a return, if signed by the members of the board, is presumed to be under their official oaths without further affidavit; and the facts, that in this instance it was not so signed and that there were other informalities of procedure, were not fatal to the rights of the respondents nor decisive in favor of the petitioner, they being defects of form which were waived by the petitioner when he went to a hearing on the merits;

(3) The answer, thus treated as a return, was conclusive as to all matters of fact which were within the jurisdiction of the respondents and were passed upon by them;

(4) It was permissible and proper practice for the respondents to set forth extrinsic facts to show that substantial justice did not require that the proceedings be quashed.

In an answer in the nature of a return filed by the board of aldermen and the mayor of a city in reply to a petition for a writ of certiorari to quash proceedings relative to an order purporting to take land by eminent domain, the respondents alleged as extrinsic facts to show that substantial justice did not require that the proceedings be quashed, that the order for taking was passed by the board on November 6, 1922, and was recorded in the registry of deeds on November 16; that notice thereof, together with the amount of compensation awarded the petitioner, was sent to him on November 24; that on November 20 the petitioner sent a communication through his attorney, dated seven days earlier, respecting the alleged taking; that large contracts had been entered into for the erection of a building to be placed on the premises and that the construction of the building was commenced shortly after March 1, 1923; that the petitioner had been guided constantly since early in November, 1922, by the advice of an attorney who had lived in a house on the land in question; and that the petitioner had deliberately refrained from bringing the petition during the period since early in November, 1922, until April 24, 1923, all for the purpose and with the intent of embarrassing and obstructing the city in the construction of the building and of obtaining grossly excessive damages which had been demanded. The record did not show that any of the allegations as to extrinsic facts above described were controverted. Upon exceptions by the petitioner after the entry of an order by a single justice dismissing the petition, it was *held,* that the case must be considered on the

footing that the facts set forth in the answer or return, so far as pertinent, were accepted as true or found to be true by the single justice.

Upon an examination of the records submitted by the respondents in the above petition for writ of certiorari, it was *held*, that

(1) There was no failure on the part of the school committee to submit a written communication to the board of aldermen stating the locality and nature of further provision for schools as required by the city charter;

(2) It was not necessary to inquire whether there was conformity to all the terms of rules and orders of the board of aldermen in referring the request of the school committee to appropriate committees or boards and receiving reports thereon as preliminary to the adoption of the order of taking, it being within the power of all deliberative bodies to abolish, modify or waive their own rules, intended as security against hasty or inconsiderate action;

(3) The order of taking, which bore a superfluous signature, was not rendered invalid for that reason, a copy of the order having been certified by the city clerk, who by the charter of the city was clerk of the board of aldermen, and filed in the registry of deeds;

(4) By reason of the provisions of G. L. c. 79, § 8, the circumstance that the notice sent to the petitioner stated the date of the filing of the copy of the taking as November 15, 1922, when the true date was November 16, 1922, did not require the granting of the writ;

(5) It was not necessary to examine the substance of the notice given to the petitioner since it showed no substantial error and there was nothing to warrant an inference that the petitioner was misled in any respect;

(6) The record showed substantial compliance with the provisions of G. L. c. 40, § 14, as to an antecedent appropriation of money before the taking;

(7) There was no defect in the form of the award of damages to the petitioner in the order of taking.

The requirement of G. L. c. 79, § 1, makes it necessary for a board of aldermen of a city taking land by eminent domain under G. L. c. 40, § 14, for use as a lot for a schoolhouse to describe the purpose for which the land is taken more particularly than merely by stating that it is taken " for municipal purposes."

The disposition of a petition for a writ of certiorari is within the sound discretion of the court; the writ does not issue as of right, is not granted on account of insubstantial errors, and is only granted when it appears that manifest injustice has been done to the petitioner and that there has been no laches which ought to operate as a waiver of his right to invoke judicial interposition.

Where in a return by the board of aldermen of a city in response to a petition by a landowner for a writ of certiorari to quash proceedings relating to an order purporting to take the land by eminent domain, it clearly appears that the taking was for use as a lot for a schoolhouse and it also appears that the order of taking was defective in that it merely stated that the land was taken " for municipal purposes " and did not specify, as required by G. L. c. 79, § 1, the particular municipal use to which it was to be devoted, and it further appears that the petitioner was at all times in close touch with proceedings relating to the taking and was being advised by an attorney, and that, nevertheless, for four months after his rights first arose, during which contracts for the expenditure of large sums of money in the erection

of a school building partly upon the petitioner's land had been entered into by the city in reliance upon the validity of the proceedings, he did nothing to question their validity, the petition may be dismissed by the court in the exercise of its sound discretion.

The fact, that the owner of land taken by a city by right of eminent domain is entitled to have an assessment by a jury of damages so suffered and, by G. L. c. 79, § 22, to have a jury view the premises, does not entitle him to an injunction restraining the municipal authorities from demolishing a building on the premises and from erecting a schoolhouse thereon pending the determination by this court of his exception to an order dismissing a petition by him for a writ of certiorari to quash the proceedings relating to the order purporting to take the land by eminent domain.

PETITION, filed in the Supreme Judicial Court on April 24, 1923, in which the respondents named were the city of Newton, the mayor and the board of aldermen of that city, seeking a writ of certiorari directing the respondents " to certify the orders and proceedings of the respective bodies . . . in reference to . . . [an] alleged taking of the land of the petitioner " described in the opinion, and also seeking a restraining order enjoining the respondents and their agents " from entering upon the said premises during the pendency of this action and for such further time as to the court shall seem just and fitting."

An order of notice was issued to the respondents named in the petition on April 24, 1923, directing them to appear at court on April 27, " that they may then and there show cause, if any they have, why the prayer in the said petition set forth should not be granted."

On April 27, without the issuance of an order of court directing the respondents to file a return, the respondents filed an " answer," which is described in the opinion. This answer was signed as follows: " Board of Aldermen, City of Newton Arthur W. Hollis, Pres.; City of Newton by Edwin O. Childs Mayor; Edwin O. Childs Mayor."

The respondents filed an " answer " to the petition, which is described in the opinion.

The petition was heard by *Crosby*, J. The petitioner asked for the following rulings:

" 1. That upon consideration of the entire record, the proceedings relating to the purported taking were illegal and void, and the writ must be issued and the taking quashed.

" 2. That, if it is found that 'all the preliminary requirements prescribed by law' were not 'first complied with' by the board of aldermen, the proceedings were illegal and void, and the writ must be issued and the order of taking quashed.

" 3. That as the record shows that the mandatory provisions of the laws of this Commonwealth, requiring that the order of taking shall state the purpose for which such property is taken, were not complied with, the said order of taking was illegal and void, and therefore the writ must be issued and the taking quashed.

" 4. That as the record shows that the notice of the purported taking did not state 'the purpose and extent' of the taking, as required by G. L. c. 79, § 8, this is an error in substance and invalidates the entire proceeding, and the writ must be issued and the taking quashed.

" 5. That as the record shows that the notice of the alleged taking did not correctly state 'the time within which' the owner 'may petition the superior court to determine damages,' as required by G. L. c. 79, § 8, this is an error in substance and invalidates the entire proceeding and the writ should be issued and the taking quashed.

" 6. That if it is found that the school committee did not send a written communication to the board of aldermen in the premises, as required by the charter of the city of Newton, § 23, [St. 1897 § 23] the proceedings were illegal and void and the writ should be issued and the taking quashed.

" 7. That as the record shows that the matter was not referred to the committee on public buildings, as required by the mandatory provisions of the law, to wit, the Rules and Orders of the Board of Aldermen, art. IV. § 2, the proceedings were illegal and void and the writ must be issued and the taking quashed.

" 8. That if it is found that 'final action' in the premises was taken by the Board of Aldermen without complying with the mandatory provisions of the law, to wit, the said Rules and Orders, art. IV. § 14, the proceedings were illegal and void and the writ should be issued and the taking quashed.

" 9. That the entire proceedings of the purported taking were without due process of law and therefore unconstitutional, illegal, and void, and the writ should be issued and the taking quashed."

The requests were denied by the single justice, who caused an order to be entered dismissing the petition.

Thereafter the petitioner filed a motion for a restraining order enjoining the respondents from entering upon her premises described in the petition and from going forward with the demolition of a dwelling house thereon and the construction of a schoolhouse, the petitioner alleging in the motion that by G. L. c. 79, § 22, she was entitled to have a jury view the premises in a petition brought under § 14 of the chapter, that she was unable to prosecute a petition for damages until the final disposition of the writ of certiorari, and that she was " without complete and adequate remedy at law otherwise and if her said dwelling house should be destroyed and torn down, as threatened, she would thereby be deprived of her statutory right aforesaid to have a jury view the said premises and will suffer irreparable loss, damage, and injury if the said threat be carried into execution." The motion was denied.

The petitioner duly saved exceptions as follows:

" 1. The petitioner says that the court erred in denying her said requests for rulings of law.

" 2. The petitioner says that the court erred in dismissing her said petition.

" 3. The petitioner says that the respondents are required to make a return of the record, whereas they filed an answer (and so termed it).

" 4. The petitioner says that the answer of the respondents so filed by them is not complete and not in accordance with the law in that (a) it was not signed by all of the aldermen; (b) it was not sworn to by the respondents; (c) it did not contain a report of the planning board; (d) it did not contain a record of the proceedings of the planning board.

" 5. The petitioner says that the court erred in denying her motion, or petition, for an injunction as thereby she is

deprived of her statutory rights for a jury view of her said real estate as conferred by the provisions of G. L. c. 79, § 22.

" 6. The petitioner says that the record shows that the alleged taking was ' for municipal purposes ' which is a mere conclusion of law, whereas the statute requires that the order of taking adopted ' shall state the purpose ' which is a mandatory requirement of the statement of an essential fact.

" 7. The petitioner says that the court erred in denying her said requests for rulings of law, dismissing her petition for a writ of certiorari, and denying her motion, or petition, for an injunction, thereby depriving her of equal rights and due process of law in violation of the Fourteenth Amendment to the Constitution of the United States, as well as in violation of art. 10, Declaration of Rights of the Commonwealth of Massachusetts."

*R. Adair* (of Delaware), for the petitioner.

*J. W. Bartlett,* for the respondents.

RUGG, C.J.    This is a petition for a writ of certiorari to quash proceedings of the board of aldermen of Newton in adopting and causing to be recorded an order purporting to take by eminent domain land of the petitioner and of other owners.

The city of Newton is joined improperly as a party respondent.    " A writ of certiorari (when not used as ancillary to any other process) is in the nature of a writ of error, addressed to an inferior court or tribunal whose procedure is not according to the course of the common law."    *Farmington River Water Power Co.* v. *County Commissioners,* 112 Mass. 206, 212.

The respondents filed what is entitled an answer.    There appears to be included in it a return of all the official doings of the board of aldermen touching the matters alleged in the petition.    Instead of answering, the board of aldermen ought to have filed a return stating their proceedings.    *Lowell* v. *County Commissioners,* 146 Mass. 403, 412.    *Haven* v. *County Commissioners,* 155 Mass. 467, 469.    *Commissioner of Public Works* v. *Justice Dorchester Municipal Court,* 228 Mass. 12, 17.    The answer in substance and effect is a sufficient return.

The return ought to have been signed by all members of the board, and not by some of them alone nor by an attorney. *Plymouth* v. *County Commissioners,* 16 Gray, 341.  *Worcester & Nashua Railroad* v. *Railroad Commissioners,* 118 Mass. 561, 564.  *Chase* v. *Aldermen of Springfield,* 119 Mass. 556, 562. A return of their entire doings in the premises, when signed by the members of the board, is presumed to be under their official oaths without further affidavit.  *Collins* v. *Mayor & Aldermen of Holyoke,* 146 Mass. 298, 306.

The circumstance that it was not so signed and the other informalities of procedure are not fatal to the rights of the respondents nor decisive in favor of the petitioner.  These all were defects of form which were waived by the petitioner by going to a hearing on the merits.  No advantage now can be taken of them.  *Shour* v. *Henin,* 240 Mass. 240, 243. *Maker* v. *Bouthier,* 242 Mass. 20, 23, 24.  *Bauer* v. *International Waste Co.* 201 Mass. 197, 201.

The answer set forth in detail all the doings of the board of aldermen concerning the taking of the land in question. This return was conclusive as to all matters of fact within their jurisdiction and passed on by the board of aldermen. It was not open to contradiction in any respect by the petitioner.  *Farmington River Water Power Co.* v. *County Commissioners,* 112 Mass. 206, 214.  *Ward* v. *Aldermen of Newton,* 181 Mass. 432.  *Janvrin* v. *Poole,* 181 Mass. 463, 465.  *New York Central & Hudson River Railroad* v. *County Commissioners,* 220 Mass. 569, 573.  It is manifest from this record that the taking was made for use as a lot for a schoolhouse.  That is a municipal purpose beyond all question, for which under our statutes the power of eminent domain may be exercised by the board of aldermen of a city.  R. L. c. 25, § 47.  St. 1918, c. 291, § 8.  G. L. c. 40, § 14.  *Reed* v. *Acton,* 117 Mass. 384.  *Leonard* v. *School Committee of Springfield,* 241 Mass. 325.

Beside setting forth the doings of the board of aldermen, their return alleged extrinsic facts to show that substantial justice did not require that the proceedings be quashed. This was permissible and proper practice.  *Tewksbury* v. *County Commissioners,* 117 Mass. 563, 566.  *Fairbanks* v.

*Mayor & Aldermen of Fitchburg,* 132 Mass. 42, 43. Facts stated in the return are in substance that the order for taking was passed by the board of aldermen on the sixth day of November, 1922, and recorded in the registry of deeds on the sixteenth of the same month, and that notice thereof together with the amount of compensation awarded her was sent to the petitioner on the twenty-fourth of the same month, and that on the twentieth of the same month the petitioner sent through her attorney a communication, dated seven days earlier, respecting the alleged taking. It is set forth in the answer that, after appropriation duly made, contracts for the erection of a school building partly to be located on land of the petitioner have been entered into with builders and material men at a cost of $290,000, and that the construction of such building was commenced shortly after March 1, 1923; that the petitioner has been guided constantly by the advice of an attorney since some time in November, 1922, who has lived in the house on the land now in question, and that she has deliberately refrained from bringing this proceeding during the period since her right to do so accrued until April 24, 1923, all for the purpose and with the intent of embarrassing and obstructing the city in the construction of the building and of obtaining grossly excessive damages which have been demanded.

If these facts were disputed, as to some of them evidence might have been admissible. If not controverted, the hearing rightly may have proceeded on the footing that they were true. *Dickinson* v. *Worcester,* 138 Mass. 555. *Collins* v. *Mayor & Aldermen of Holyoke,* 146 Mass. 298, 305. The case comes before us on a bill of exceptions, which does not contain any recital of evidence. It does not state whether any evidence was in fact introduced. It states merely that the petitioner requested nine rulings of law, all of which were denied, and that the petition was dismissed, " to which denial and dismissal the petitioner duly claimed exceptions." The case must be considered on the footing that facts set forth in the answer or return, so far as pertinent, were accepted as true or found to be true by the single justice.

There was no failure on the part of the school committee

of Newton to submit a written communication to the board of aldermen stating the locality and nature of further provision for schools as required by the city charter. St. 1897, c. 283, § 23. The record shows substantial compliance with the statute in this particular. *Simpson* v. *Marlborough,* 236 Mass. 210.

It is not necessary to inquire whether there was conformity to all the terms of rules and orders of the board of aldermen in referring the request of the school committee to appropriate committees or boards and receiving reports thereon as preliminary to the adoption of the order of taking. These objections need not be examined in detail. " It is within the power of all deliberative bodies to abolish, modify or waive their own rules, intended as security against hasty or inconsiderate action." *Holt* v. *City Council of Somerville,* 127 Mass. 408, 411. *Wheelock* v. *Lowell,* 196 Mass. 220, 230. *Pevey* v. *Aylward,* 205 Mass. 102, 107.

The order of taking was not rendered invalid because bearing a superfluous signature. The copy of the order of taking adopted by the board of aldermen was certified by the city clerk (who is by St. 1897, c. 283, § 9, the clerk of the board of aldermen) and filed in the registry of deeds. That was correct. G. L. c. 79, § 3.

The circumstance that the notice sent to the petitioner stated the date of filing the copy of the taking as November 15, 1922, when the true date was November 16, 1922, does not require the granting of the writ. It is expressly provided by G. L. c. 79, § 8, that failure to give the notice shall not affect the validity of the proceedings. Manifestly a mistake of one day under the circumstances here disclosed is of slight consequence. *Sears* v. *Mayor & Alderman of Worcester,* 180 Mass. 288.

It is not necessary to examine the substance of the notice with nicety. It shows no substantial error. Defective notices under G. L. c. 79, § 8, commonly cannot have any different effect from no notice whatever. There is nothing to warrant the inference that the petitioner was misled in any respect.

The record shows substantial compliance with the pro-

visions of G. L. c. 40, § 14, as to an antecedent appropriation of money before the taking. There is no defect in the form of the award of damages to the petitioner in the order of taking.

The order of taking stated that the land was taken in fee " for municipal purposes." It is provided by G. L. c. 40, § 14, that the " aldermen of any city, except Boston, . . . may . . . take by eminent domain . . . for any municipal purpose any land . . . not already appropriated to public use . . . " It is required by G. L. c. 79, § 1, that, when a taking is made by eminent domain, the order therefor shall among other matters state " the purpose for which such property is taken." There is some ground for the contention that the order of taking here assailed is sufficient in that it follows somewhat closely the words of G. L. c. 40, § 14. That section, however, appears for the first time in the General Laws as a requirement of the statement of the purposes for which land may be taken by eminent domain by a city or town. Its phraseology was adumbrated by St. 1915, c. 263, the main purpose of which was another matter. *Nevins* v. *City Council of Springfield,* 227 Mass. 538. The statutes anterior to the General Laws commonly enumerated the specific purposes for which land might be taken by eminent domain by a municipality. See R. L. c. 25, §§ 25, 45, 47. St. 1915, c. 143. St. 1918, c. 291, §§ 6, 8. Presumably under those earlier statutes it would have been necessary to state in the instrument of taking the exact purpose for which the land was taken by eminent domain, in order that it might appear that the purpose was one for which a taking was authorized. *Harris* v. *Marblehead,* 10 Gray, 40, 44.

A general revision of statutes does not ordinarily change the effect of earlier provisions, but is to be construed as a continuation of them in the absence of some plain indication of a legislative intent to alter the law. *Mackintosh, petitioner,* 246 Mass. 482, and cases there collected. It is said in the " Preliminary Report of the Commissioners to Consolidate and Arrange the General Laws " Vol. 1, at page 10, that G. L. c. 79, § 1, " is not a reënactment of and does not take the place of any existing statute, since such a provision has

been wholly lacking in the past." This statement and the language of the proposed new section must be interpreted in the light of preëxisting law in order to ascertain its true meaning. The power of eminent domain is one of the highest powers of government. It appropriates to a public use private property against the will of the owner. Commonly there must be strict compliance with statutes by which its exercise is regulated. *Derby* v. *Framingham & Lowell Railroad,* 119 Mass. 516. *Lajoie* v. *Lowell,* 214 Mass. 8. *Turner* v. *Gardner,* 216 Mass. 65. *Spare* v. *Springfield,* 231 Mass. 267. It sometimes is a question of considerable difficulty to determine whether a specified use of land may be a legal municipal purpose. See *Opinions of the Justices,* 155 Mass. 598; 182 Mass. 605; *Jones* v. *Portland,* 245 U. S. 217; *Lajoie* v. *Milliken,* 242 Mass. 508, 522. Land appropriated to one public use cannot be diverted to another inconsistent public use without plain legislation to that end. *Higginson* v. *Treasurer & School House Commissioners of Boston,* 212 Mass. 583, 591. The natural meaning of the requirement that the order of taking shall state the purpose for which such property is taken is that some definite use must be declared as the intent and design of the body exercising the power, and that a general, undefined and comprehensive statement will not satisfy the terms of the statute. Compare *Bailen* v. *Assessors of Chelsea,* 241 Mass. 411. It can hardly be thought that it would satisfy this requirement to state merely that land is taken for a " public purpose." See *Appleton* v. *Newton,* 178 Mass. 276.

In view of the earlier statutes and law as to taking by eminent domain by municipalities, the words of G. L. c. 79, § 1, that " the order of taking . . . shall state . . . the purpose for which such property is taken," in conjunction with G. L. c. 40, § 14, seem to require a construction that the order for taking must show on its face the specific purpose to which the land appropriated to public uses is to be devoted.

This conclusion does not appear to be at variance with the principle followed in *Suver* v. *Chicago, Sante Fe & California Railway,* 123 Ill. 293, and *Pittsburgh, Fort Wayne & Chicago Railway* v. *Sanitary District of Chicago,* 218 Ill. 286, 289. In

those cases the nature of the purpose to which the land was to be devoted appeared with sufficient definiteness.

The order for taking, although not precisely meeting the requirement of G. L. c. 79, § 1, was not a nullity. It contained a full description of the land of the petitioner, and stated unequivocally that the property was taken for a municipal purpose. It was lacking only in the videlicet, specifying the particular municipal use to which the property was to be devoted. The case upon this point comes within the governing authority of *Chase* v. *Aldermen of Springfield*, 119 Mass. 556. In that case, which related to the assessment of a betterment, the order of the board of aldermen was defective in the essential particular of not showing the amount expended for the public improvement for which the assessment was made. Yet it was held that the order was not void but might be amended. Slightly to paraphrase what there was said at page 563 but quoting its decisive words, it is applicable to the present situation: " The record of the board of aldermen is defective in not showing " the precise purpose for which the land was to be taken. " But the defect may and should be cured by an amendment of that record " and the recording anew in the registry of deeds of the record of the order for taking as amended. The facts afford " no reason why the court in the exercise of its discretion should order a writ of certiorari to issue." Although that case upheld the establishment of a lien upon land by a betterment assessment instead of a taking of land, that circumstance does not affect its controlling authority over the case at bar.

It does not follow that the petitioner is entitled to maintain this petition. It is familiar law that a petition for a writ of certiorari is addressed to the sound discretion of the court. It does not issue as of right. It is not granted on account of formal or insubstantial errors. It must appear that manifest injustice has been done to the petitioner and that there has been no laches which ought to operate as a waiver of his right to invoke judicial interposition. A party cannot with knowledge of the salient facts lie by and see great expenditures made or liabilities incurred in reliance

on the validity of the proceedings and subsequently avail himself of certiorari to quash them as lacking legal formality. These principles are settled by numerous decisions. In some of them a delay much more brief than that of the present petitioner in resorting to the courts has been held fatal. *Noyes* v. *City Council of Springfield,* 116 Mass. 87. *Whately* v. *County Commissioners,* 1 Met. 336, 339. *Stone* v. *Boston,* 2 Met. 220, 228. *Atkinson* v. *City Council of Newton,* 169 Mass. 240, 250. *Watertown* v. *County Commissioners,* 176 Mass. 22, 33, 34. *Andres* v. *Justices of Municipal Court,* 225 Mass. 454, 458. These authorities are decisive against the plaintiff under the circumstances here disclosed.

Manifestly the petitioner delayed about five months after adoption and record of the order of taking before filing the present petition. Plainly she knew all about the facts immediately after their occurrence. It is of no consequence whether she knew the legal construction of the order for taking, or not. It is enough that she was aware of the fact. *Wheaton Building & Lumber Co.* v. *Boston,* 204 Mass. 218, 226. It is clear that the land taken was intended to be used for a schoolhouse lot. It needs no discussion to show that that was a municipal purpose for which the power of eminent domain might be exercised by the board of aldermen.

The petitioner has put forward no arguments tending to support the propositions stated in her brief that her property has been taken without due process of law and that she has been deprived of equal protection of the laws in violation of the guaranties of the Fourteenth Amendment to the Constitution of the United States and of art. 10 of the Declaration of Rights of the Massachusetts Constitution. These contentions are too insubstantial to permit of discussion. *Duane* v. *Merchants Legal Stamp Co.* 231 Mass. 113, 125–128. *Appleton* v. *Newton,* 178 Mass. 276.

Moreover, there must be a timely assertion of constitutional rights. Even ignorance of pertinent facts commonly is not an excuse for failure to seek to vindicate them seasonably. *Attorney General* v. *Methuen,* 236 Mass. 564, 582. The petitioner was fully aware of all material facts.

The petitioner asked for an injunction to restrain the city and its officers from entering on the land described in the taking on the ground that she was entitled in a petition for the assessment of her damages under G. L. c. 79, §§ 14, 22 (to be hereafter brought if this petition is dismissed) to have the jury view her premises, and that the building ought to remain undisturbed by the city in order that it may be viewed. There is no merit in this contention. Public work cannot halt until the end of litigation for the assessment of damages. The statutory provision that there shall be a view by the jury on request of either party has no such meaning. A view of the property taken, in the condition in which it may be at the time of the jury trial, is all that is required.

Every exception saved by the petitioner has been fully considered. They demand no further discussion.

*Exceptions overruled.*