PATRICK S. BRODERICK *vs.* DEPARTMENT OF MENTAL DISEASES.

DOMNICK BRODERICK & others *vs.* SAME.

PATRICK S. BRODERICK *vs.* SAME.

DOMNICK BRODERICK & others *vs.* SAME.

Middlesex.   January 24, 1928.— March 6, 1928.

Present: RUGG, C.J., BRALEY, CARROLL, & SANDERSON, JJ.

*Eminent Domain.   Certiorari.*

A taking by eminent domain of the fee in a parcel of land upon which are shade trees and fruit trees is not invalid merely because G. L. c. 79, § 1, was not complied with in that the order of taking did not state whether the trees upon the land were included in the taking.

The power given to the department of mental diseases by St. 1927, c. 211, to take by eminent domain or acquire by purchase in fee land in Waltham, Belmont and Lexington for the proposed metropolitan State hospital, "provided, that no land shall be taken or purchased except such as adjoins land owned by the Commonwealth on the effective date of this act or land taken or purchased under authority hereof," was not exhausted by a taking of a strip of land adjoining land owned by the Commonwealth on the effective date of the statute, which on three sides enclosed another like strip, in different ownership, which in turn similarly enclosed a third strip, within and enclosed by which, in turn, was a lot of more than eleven acres; successive takings of the strips and finally of the enclosed lot, beginning with the outer and ending with the en-

closed lot, were authorized by the statute, each lot, when it was taken, being land adjoining land either "owned" or "taken . . . under authority" of the statute.

An order of taking by eminent domain is not invalid merely because damages are not awarded in compliance with G. L. c. 79, § 6.

A taking of land under St. 1927, c. 211, for a hospital for the metropolitan district was a taking for a public use; the necessity and extent of the taking cannot be reviewed, upon a petition for a writ of certiorari to quash the taking, where there is nothing to show an abuse of power or bad faith.

FOUR PETITIONS, filed in the Supreme Judicial Court for the county of Middlesex on November 15, 1927, for writs of certiorari to quash proceedings by the department of mental diseases described in the opinion.

Annexed to the petition was a plan, the main features of which are given below:

The petitions were heard by *Pierce, J.,* upon an agreed statement of facts. Material facts are stated in the opinion. The petitions were ordered dismissed. The petitioners alleged exceptions.

*D. E. Hall & P. N. Jones,* for the petitioners.

*A. K. Reading,* Attorney General, *& R. Clapp,* Assistant Attorney General, for the respondent, submitted a brief.

CARROLL, J. These are four petitions for certiorari to quash the proceedings of the department of mental diseases of the Commonwealth of Massachusetts in taking the parcels of land referred to in the petitions. The single justice denied the petitions, and the petitioners excepted.

The petitioners Domnick, Mary E. and Delia A. Broderick for many years owned a parcel of land in Waltham. On March 9, 1927, they conveyed to Patrick S. Broderick the portion of this land shown as parcel A on the plan annexed to the petitions. Parcel A comprised a strip of land seventy feet in width, with shade and fruit trees thereon. Parcel B, which adjoins parcel A, is the property of Domnick, Mary E. and Delia A. Broderick. Parcel C adjoins parcel B and was conveyed on March 9, 1927, to Patrick S. Broderick. Parcel D, upon which the dwelling house is situated, is the property of Domnick, Mary E. and Delia A. Broderick.

In January, 1927, the Commonwealth had acquired land in Waltham, Lexington and Belmont, and the land owned by Domnick, Mary E. and Delia A. Broderick was bounded on its northerly and easterly sides by land so purchased by the Commonwealth. The department of mental diseases contemplated the erection of a hospital on the land so acquired. A bill, House bill No. 730, entitled "An Act authorizing the department of mental diseases to take land in the city of Waltham for the proposed metropolitan State hospital," was filed in January, 1927. This bill was amended, and approved by the Governor on April 6, 1927. St. 1927, c. 211. It gave the department of mental diseases the power to take by eminent domain or acquire by purchase land in fee in Waltham, Belmont and Lexington for the proposed metropolitan State hospital, "provided, that no land shall be taken or purchased except such as adjoins land owned

by the Commonwealth on the effective date of this act or land taken or purchased under authority hereof."

An appropriation of $1,500,000 was made for necessary expenses of the hospital including the purchase of land. On October 6, 1927, the department in the name of the Commonwealth took parcel A. By a similar order dated October 18, 1927, "except that the same included 'the trees and structures affixed thereto'" with an appropriate description, parcel B was taken. On October 25, 1927, parcel C was taken. On October 29, 1927, parcel D was taken.

Although a writ of certiorari does not issue as of right, and is a discretionary writ, *Byfield* v. *Newton*, 247 Mass. 46, 58, we consider the questions raised by the petitioners' exceptions. It is contended that the taking of parcel A is void because the order of taking did not state whether the trees upon the land were included in the taking. By G. L. c. 79, § 1, it is provided: "In case there are trees upon the land taken, or structures affixed thereto, the order of taking shall state whether the same are to be included in the taking, and, if they are not so included, shall allow the owner a reasonable time after the date of the order or after entry or possession to remove the same, to be specified in the order."

The taking of parcel A was valid although there were trees on the parcel and the order of taking did not state that the trees were included. It has been held in numerous cases where land was taken for highway purposes that the taking was valid although this provision of the statute was not observed. *Commonwealth* v. *Noxon*, 121 Mass. 42. *Choate* v. *Sharon*, 259 Mass. 478. See *Byfield* v. *Newton*, *supra*. The taking of an easement in the highway cases does not distinguish them from the cases before us, where the fee was taken; the principle is the same, and the taking was not void on the ground suggested.

The power given to the department was not exhausted by the first taking. The statute enacted that the land taken should adjoin land owned by the Commonwealth on the "effective date of this act or land taken or purchased under authority hereof"; it contemplated the taking of additional land adjoining land already taken under statute; the grant

of power given to the department was complied with and the takings of parcels B, C and D were valid.

The order was not invalid because damages were not awarded in compliance with G. L. c. 79, § 6.   "It has often been held by this court that when a board, charged with the duty of assessing damages for land taken or injured, fails to make an assessment, such failure is equivalent to an adjudication that there are no damages.   Upon such failure, the party aggrieved may apply for a trial by jury."   *Hafey* v. *Commonwealth,* 189 Mass. 540, 541.   *Frost Coal Co.* v. *Boston,* 259 Mass. 354.

It is also contended that the takings of the various parcels were not required for public uses.   The Legislature authorized the purchase and taking of the land for a hospital for the metropolitan district.   This was a public use.   The return of the respondent shows that the taking was according to law.   The necessity and extent of taking private land for public purposes cannot be reviewed: such an act is legislative and not judicial.   There is nothing in the record indicating an abuse of power or bad faith.   *Lynch* v. *Forbes,* 161 Mass. 302, 308.   *Morley* v. *Police Commissioner of Boston,* 261 Mass. 269, 278.   *Burke* v. *Metropolitan District Commission,* 262 Mass. 70, 75.   See *Appleton* v. *Newton,* 178 Mass. 276, 278; *Miller* v. *Fitchburg,* 180 Mass. 32, 37.   The petitioners were not deprived of any of their constitutional rights; it is to be assumed that the public officials conducted themselves fairly and there is nothing to show that the responsibility reposed in them was violated.   See *Nevins* v. *City Council of Springfield,* 227 Mass. 538, 541.

The rulings and refusals to rule were in accordance with law.

*Exceptions overruled.*