MERRYMOUNT COMPANY *vs.* METROPOLITAN DISTRICT COMMISSION & others.

Suffolk. December 3, 1929. — September 11, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, & WAIT, JJ.

*Eminent Domain. Equity Jurisdiction,* Laches. *Metropolitan District Commission. Deed,* Validity.

Where, upon an appeal from a final decree dismissing a bill in equity seeking to have declared void a taking by eminent domain, the record contained no report of the evidence and no statement of findings by the trial court, and the answer included an allegation of laches by the plaintiff in delaying from May, 1928, to September, 1929, the beginning

of any proceedings, it was *held*, that it well might be that the decree dismissing the bill was entered on the ground of laches of the plaintiff. An order, adopted by the city council of Quincy on April 2, 1928, and approved by the mayor on April 9, 1928, was in substance that, "by virtue of the authority contained in" St. 1927, c. 229, as amended by St. 1928, c. 59, relating to a new parkway to be constructed in Quincy, "the City Council of the City of Quincy does hereby take in fee by eminent domain under" G. L. c. 79, certain land, stating: "Tne purpose for which said land is taken is that said land may be conveyed to the Commonwealth of Massachusetts for the use of the Metropolitan District Commission, without cost to the Commonwealth, in order that a parkway or boulevard at least 60 feet in width may be laid out and constructed thereon, all in accordance with said Chapter 229 of the Acts of 1927, amended as aforesaid." A copy of the order was recorded in the registry of deeds in May, 1928. In July, 1928, the city, purporting to act under the above statutes, executed a statutory quitclaim deed of the same land "to the Commonwealth of Massachusetts, acting through its Metropolitan District Commission, Parks Division," and the deed was recorded in May, 1929. The owner of a part of the land described in the order and in the deed, who had not had any damages awarded him and had had no notice in writing from any source of the taking or that no damages had been awarded, in September, 1929, brought a bill in equity to have the taking and the deed declared invalid. The bill was dismissed. The plaintiff appealed. *Held*, that

(1) The mere fact that, while the statutes provided in substance that nothing should be done thereunder until the city should have procured and "conveyed, or caused to be conveyed, to the Commonwealth for the use of the metropolitan parks district" the necessary land, the order of taking was stated to be in order "that said land may be conveyed to the Commonwealth of Massachusetts for the use of the Metropolitan District Commission . . . all in accordance with said" statutes, was immaterial and did not make the taking invalid;

(2) The mere fact that, while the statute authorized a conveyance "to the Commonwealth for the use of the metropolitan parks district," the grantee named in the deed was "the Commonwealth of Massachusetts, acting through its Metropolitan District Commission, Parks Division," did not make the deed invalid: the conveyance was in substantial compliance with the statutes;

(3) The fact that the taking was made without an award of damages was equivalent to an adjudication that no damages were sustained, and the absence of such award did not render the taking invalid;

(4) There having been no damages awarded, and the taking not having been made under G. L. c. 40, § 14; c. 43, § 30, but under St. 1927, c. 229, as amended by St. 1928, c. 59, referring for procedure to G. L. c. 79, no appropriation was required to make the taking valid;

(5) The above statutes empowered the city to take the land in fee;

(6) A contention that the taking was invalid because the city did

not make entry on the land within two years from the taking was without merit, both because the plaintiff brought this suit before the expiration of two years, and because the taking was not for an ordinary highway use but was in fee for a parkway or boulevard to be built by the Commonwealth, so that the provision of G. L. c. 79, § 3, as to entry upon land within two years after a taking for purposes of a highway or of drainage, was inapplicable.

(7) Failure to give notice to the plaintiff did not invalidate the taking;

(8) There was no merit in a contention of the plaintiff that the deed by the city of Quincy should have run to the Treasurer and Receiver General;

(9) No constitutional rights of the plaintiff had been invaded.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on September 16, 1929, and afterwards amended.

Material allegations of fact in the bill were that on April 2, 1928, the "City of Quincy in Council" "passed to be ordained," and on April 9, the mayor approved the following order: "Ordered: That by virtue of the authority contained in Chapter 229 of the Acts of 1927 as amended by Chapter 59 of the Acts of 1928 and in all other statutes thereto pertaining, the City Council of the City of Quincy does hereby take in fee by eminent domain under Chapter 79 of the General Laws on behalf of said City a strip of land in said city approximately 2,000 feet long and 60 feet in width including within its limits the private way known as Pilgrim Boulevard, and more particularly bounded and described as follows: . . . No betterments are to be assessed on account of this taking. The purpose for which said land is taken is that said land may be conveyed to the Commonwealth of Massachusetts for the use of the Metropolitan District Commission, without cost to the Commonwealth, in order that a parkway or boulevard at least 60 feet in width may be laid out and constructed thereon, all in accordance with said Chapter 229 of the Acts of 1927, amended as aforesaid. Trees upon the land taken and structures affixed thereto are not included in the taking, and the owners thereof are allowed 30 days from the passage of this order to remove the same."

A copy of the order was recorded in the Norfolk registry

of deeds on May 2, 1928. Included in the above description was land of the plaintiff. No notice in writing or otherwise was given to the plaintiff by anyone "of said taking or of the amount of its damages or that no damages have been awarded, or of the time in which it may petition for the fixing of its damages, or of the time within which the plaintiff may petition the Superior Court to determine its damages." No appropriation for damages to be paid to the plaintiff was made and no damages were awarded to it.

On July 24, 1928, the city of Quincy executed a deed, which was recorded on May 28, 1929, and which, so far as material, read as follows: "The City of Quincy, a municipal corporation, situated in Norfolk County, Massachusetts, acting by virtue of the authority contained in Chapter 229 of the Acts of 1927 as amended by Chapter 59 of the Acts of 1928 and in all other statutes thereto pertaining, for consideration paid, grants to the Commonwealth of Massachusetts, acting through its Metropolitan District Commission, Parks Division, with QUITCLAIM COVENANTS, a strip of land in said city sixty feet in width, including within its limits the private way known as Pilgrim Boulevard, and more particularly bounded and described as follows. . . ."

The plaintiff alleged as conclusions of law from the foregoing, that the taking and deed were invalid because the purpose of taking, as stated in the order, was not in strict conformity with the statute, and that therefore the order was invalid; because no appropriation was made, as required by G. L. c. 40, § 14, and c. 43, § 30; because no award was made, as, the plaintiff contended, was required by G. L. c. 79, § 6; because the city had no authority to take in fee; because the deed to the Commonwealth did not conform to the statutory requirement, and therefore, by the terms of the statute, no work of construction could be undertaken; and because no notice was given under G. L. c. 79, § 8.

The last paragraph of the stating part of the bill was as follows:

"26. And the plaintiff says that prior to the filing of this bill it has been induced to refrain from taking this or any other action against any of the parties hereto by con-

tinuous and repeated requests from the city of Quincy by its officials and representatives promising that the city of Quincy would take suitable action and would make cash payment and settlement to the plaintiff for its said land and other matters in dispute and in litigation between the plaintiff and the city of Quincy, but that the city of Quincy has taken no action either in making an award for any damages for the taking of this land or for the appropriation or payment of any money in settlement of said taking and for any other matters between the said plaintiff and the said city of Quincy. The plaintiff's rights are now immediately imperiled and unless this court interferes by its injunctive powers, may be forever lost."

The answer of the defendants admitted, *seriatim*, the facts alleged in the bill as amended, denied the allegations and conclusions of law, and alleged that the plaintiff was "guilty of laches in that said order of taking by the city of Quincy was made in April, 1928, and recorded with Norfolk Deeds, May 2, 1928, as set forth in the bill of complaint, which facts were fully known to the plaintiff on or about said dates; that the plaintiff has up to the present time taken no action, by petition for writ of certiorari to quash the said taking, or otherwise, but on the contrary has continuously since said taking sought to induce the city of Quincy to pay the complainant a sum of money claimed by the complainant to be due it for damages because of said taking."

The suit was heard by *Carroll*, J., by whose order there was entered a final decree dismissing the bill. The plaintiff appealed.

The record contained no order appointing a stenographer under G. L. c. 214, § 24; Equity Rule 29 (1926), no report of evidence and no statement of findings by the single justice.

St. 1927, c. 229, as amended by St. 1928, c. 59, read as follows:

"Section 1. The metropolitan district commission is hereby authorized and directed to lay out and construct, in accordance with the provisions of chapter ninety-two of the General Laws relative to the laying out and construction of parkways and boulevards, a parkway or boulevard at

least sixty feet in width, extending from Black's Creek bridge to Sea street in the city of Quincy, substantially following the route of an existing private way known as Pilgrim boulevard, and may expend therefor such sum, not exceeding thirty-five thousand dollars, as may hereafter be appropriated; provided, that nothing shall be done hereunder until said city shall first have acquired and conveyed, or caused to be conveyed, to the Commonwealth for the use of the metropolitan parks district, without cost to the Commonwealth, a strip of land sixty feet in width including within its limits said private way. The said city may acquire by purchase or gift, or by eminent domain under chapter seventy-nine of the General Laws, such lands or interests therein as may be necessary to carry out the purposes of this act, and may appropriate money for such purchase or for land damages in case of a taking as aforesaid.

"Section 2. One half of the expenditures incurred by the Commonwealth under authority of this act shall be paid by the cities and towns of the metropolitan parks district as part of the cost of maintenance of boulevards under section fifty-six of said chapter ninety-two; the remaining one half shall be paid from the Highway Fund."

The case was submitted on briefs.

*C. W. Dealtry,* for the plaintiff.

*J. E. Warner,* Attorney General, & *C. F. Lovejoy,* Assistant Attorney General, for metropolitan district commission and another; *J. J. McAnarney,* for city of Quincy.

RUGG, C.J. The plaintiff prays by this suit in equity to have declared void a taking of land by the city of Quincy and a deed of the same land given by the city to the Commonwealth, and to enjoin the metropolitan district commission, acting in behalf of the Commonwealth, from entering upon and constructing a parkway upon the land taken. The several defendants answered to the merits. A final decree, reciting that the case came on to be heard and was argued by counsel, was entered dismissing the bill. The plaintiff appealed. The record consists of the bill and answers, the final decree and the appeal. There is no report of evidence and no finding of fact.

The alleged taking was made by order passed by the city council of Quincy and approved by the mayor on April 9, 1928, and a taking was recorded in the registry of deeds on May 2, 1928. The present bill was filed on September 16, 1929.

It well may be that the decree dismissing the bill was entered on the ground of laches of the plaintiff. This proceeding relates to the validity of a public undertaking, where parties must proceed with expedition if they desire to set it aside for informalities. *Conners* v. *Lowell*, 246 Mass. 279, 285. *Byfield* v. *Newton*, 247 Mass. 46, 58–59.

The taking by the city of Quincy was in substantial compliance with the provisions of the enabling statutes. The order of taking recited and declared that its purpose was "that said land may be conveyed to the Commonwealth of Massachusetts for the use of the Metropolitan District Commission, without cost to the Commonwealth, in order that a parkway or boulevard at least 60 feet in width may be laid out and constructed thereon, all in accordance" with St. 1927, c. 229, as amended by St. 1928, c. 59, and all other statutes pertaining thereto. This taking was duly recorded. The verbal differences between this order and taking and the words of the statutes are immaterial. The statutory authority was pursued with sufficient strictness and there was compliance with all its conditions. *Lajoie* v. *Lowell*, 214 Mass. 8. *Excelsior Needle Co.* v. *City Council of Springfield*, 221 Mass. 34, 37.

The conveyance to the Commonwealth was in substantial conformity to the terms of the statutes, even if it be assumed that this alleged defect affects the rights of the plaintiff. The grant was to the Commonwealth "acting through its Metropolitan District Commission." The statute authorized a conveyance "to the Commonwealth for the use of the metropolitan parks district." The grantee was the one named in the statute. The description of the use to which it was to be put could not be misunderstood and was adequate. G. L. c. 92, §§ 77–80.

The circumstance that the taking was made without an award of damages was equivalent to an adjudication that

no damages were sustained. *Broderick* v. *Department of Mental Diseases*, 263 Mass. 124, 128. The city of Quincy was expressly authorized to pay all damages arising from a taking. St. 1928, c. 59, § 1.

If there were no damages, no appropriation was required under G. L. c. 40, § 14, and c. 43, § 30. Moreover this taking was not made under the last cited statutes but under St. 1927, c. 229, as amended by St. 1928, c. 59, which refers specifically to G. L. c. 79 for the procedure to be followed.

The city was empowered to take the land in fee. It was provided by said chapters 229 and 59 that the city of Quincy should convey to the Commonwealth a "strip of land sixty feet in width" and might acquire "such lands or interests therein as may be necessary to carry out the purposes of" the acts. Plainly this authorized a taking in fee. The metropolitan district commission is authorized to take land in fee. G. L. c. 92, §§ 79, 80. It manifestly was within the competency of the Legislature to authorize a taking in fee. *Holt* v. *City Council of Somerville*, 127 Mass. 408, 411. *Higginson* v. *Treasurer & School House Commissioners of Boston*, 212 Mass. 583, 591. It is not necessary to decide whether a taking in fee may not now be authorized by G. L. c. 79, § 1, in the light of its origin. *Byfield* v. *Newton*, 247 Mass. 46, 56–57.

The contention that the taking was invalid because the city of Quincy did not make entry on the land within two years from the taking is without merit. The plaintiff brought this suit before the expiration of two years. The taking was not for an ordinary highway use but was in fee for a parkway or boulevard to be built by the Commonwealth. *Gero* v. *Metropolitan Park Commissioners*, 232 Mass. 389, 392. *Burke* v. *Metropolitan District Commission*, 262 Mass. 70, 73. *Dakin* v. *Somerville*, 262 Mass. 514, 516. There is no room in these circumstances for the application of that provision of G. L. c. 79, § 3, as to entry upon land within two years after a taking for purposes of a highway or of drainage.

Failure to give notice to one whose land is seized by

eminent domain does not invalidate the taking.    G. L. c. 79, § 8.    *Byfield* v. *Newton,* 247 Mass. 46, 55.

There is no merit in the contention that the deed by the city of Quincy should have run to the Treasurer and Receiver General.    The express provision of St. 1927, c. 229, § 1, is that the conveyance shall be to the Commonwealth.

The suggestion by the plaintiff that its constitutional rights have been invaded requires no discussion.    Every provision of law as to taking by eminent domain has been observed.    Every right of the plaintiff has been conserved. *Salisbury Land & Improvement Co.* v. *Commonwealth,* 215 Mass. 371, 374.    *Duane* v. *Merchants Legal Stamp Co.* 231 Mass. 113, 128.    *Opinion of the Justices,* 237 Mass. 598, 609–612.    *Wright* v. *Walcott,* 238 Mass. 432.

*Decree affirmed with costs of appeal.*