CHARLES LAJOIE *vs.* CITY OF LOWELL.
SAME *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Middlesex.   December 11, 1912. — February 25, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Eminent Domain.   Railroad.*

A railroad corporation, when Gen. Sts. c. 63, §§ 17, 19, were in force, authorizing such a corporation to "lay out its road not exceeding five rods wide" and to acquire necessary land outside its location, but providing that such land outside its location could not be taken "without the permission of the owner, unless the [county] commissioners on the application of the corporation and after notice . . . first prescribed the limits," made a taking more than five rods in width, and afterwards secured a determination of the limits by the county commissioners. *Held,* that the entire taking was void.

Statutes authorizing the exercise of the right of eminent domain must be complied with strictly.

Where a railroad corporation, authorized by statute to take land only five rods in width, makes an unauthorized taking exceeding that width, the entire taking is void and cannot be considered valid to a width of five rods, because it did not purport to be a taking of land of that width.

The location of a railroad, so far as it constitutes the taking of land, must identify the tract taken with the same definiteness and precision required in a deed of land. .

RUGG, C. J. The single question presented on this record is the extent and validity of the location filed by the Framingham and Lowell Railroad Company in 1872. The statute in force at that time authorized a railroad corporation to "lay out its road not exceeding five rods wide" and to acquire necessary land outside of its location, but such land could not be taken "without the permission of the owner, unless the commissioners on the application of the corporation and after notice to the owner first prescribe the limits within which the same may be taken." Gen. Sts. c. 63, §§ 17, 19. The location, so far as it relates to the plaintiff's land, was more than five rods in width at all points, and no preliminary determination of limits was made by the county commissioners. The railroad company made its taking first, and secured a determination by the county commissioners afterwards, thus reversing the order set out in the statute. The taking of land from a private owner against his will for a public use under eminent domain is an exercise of one of the highest powers of government. Statutes authorizing the exercise of this right must be strictly complied with. The railroad company undertook to act under the terms of a statute. It failed to comply with that statute in an essential respect. The taking was therefore void. The contention made in behalf of the defendant that, inasmuch as the corporation had authority to take a strip five rods in width, the taking must be considered as a valid taking for that width, is unsound. The taking was not, and did not purport to be, of a strip five rods in width. The location of a railroad, so far as it constitutes the taking of land, must be so definite and specific in its description that it will identify a definite tract of land with that certainty and precision required in a deed. The case is governed by *Derby* v. *Framingham & Lowell Railroad,* 119 Mass. 516, where the same location was considered. No question arises here as to occupation and acquiescence. Hence *Harding* v. *Biggs,* 172 Mass. 590, has no relevancy.

In accordance with the terms of the report,* judgment is to be entered for the petitioner against the city of Lowell in the sum of $866.40, and for the plaintiff in the action against the New York, New Haven, and Hartford Railroad Company, in the sum of $108.30.

*So ordered.*

H. V. *Charbonneau,* for the plaintiff.
J. L. *Hall,* for the defendants.

---

* By *Morton,* J., of two cases tried together before him, the first a petition for an assessment of damages under proceedings for the abolition of a grade crossing at Lincoln Street in Lowell, and the second an action of tort for trespass arising out of the changes in Lincoln Street in consequence of such proceedings.