ROBERT H. SPARE *vs.* CITY OF SPRINGFIELD.

Hampden.    October 14, 1918. — November 25, 1918.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Eminent Domain. Parks and Park Commissioners. Equity Jurisdiction,* To remove cloud from title.

Application of the principle that the taking of property by right of eminent domain is an act *strictissimi juris* and is valid only when the statutory requirements are performed with exactness.

Under R. L. c. 28, § 2, which provides that no land shall be taken by a board of park commissioners for a public park until an appropriation sufficient for the estimated expense thereof shall have been made in the manner provided in the statute, a taking of land by the park commission of a city before such an appropriation has been made, followed by an appropriation made by the city council in the manner required by the statute, is void and is not made valid by the subsequent action of the city council. Following *Lajoie* v. *Lowell,* 214 Mass. 8.

An attempted taking of land under the right of eminent domain which is void for lack of jurisdiction affords ground for maintaining a suit in equity by the owner of the land to remove the cloud from his title.

BILL IN EQUITY, filed in the Superior Court on August 30, 1911, and amended on June 14, 1916, by the owner of certain land in Springfield bordering upon the Connecticut River against the city of Springfield, to remove a cloud upon the plaintiff's title by declaring to be void an alleged taking of the plaintiff's land by the defendant's board of park commissioners.

The case was referred to a master, who filed a report containing certain findings of fact, including the material fact stated in the opinion. He refused to make certain rulings of law requested by the plaintiff, for the reason that it was not within his province to make such rulings. The plaintiff excepted to the master's report on the ground of his refusal to make such rulings. The rulings of law which the master refused to make as beyond his province included rulings, that the alleged taking did not comply with the provisions of R. L. c. 28, § 2, and that the taking as made was illegal and void.

The case was heard by *Callahan,* J., upon the plaintiff's exceptions to the master's report and on the defendant's motion that the report of the master be confirmed. The judge made an interlocutory decree ordering that the plaintiff's exceptions be overruled and that the report be confirmed. He made a memorandum of decision as follows:

"I find and rule that the taking was illegal and void. The plaintiff is entitled to a decree enjoining the defendant, its boards, commissions and all other agents and servants, from making or setting up any claim of right to or in the land in controversy by reason of the attempted taking, or exercising any dominion over the land, or interfering in any way with the plaintiff's use or enjoyment of the same; and ordering the defendant to execute

to the plaintiff a quitclaim deed of all right, title or interest in and to it which it ever claimed to have by reason of the attempted taking."

Later the judge made a final decree in accordance with his memorandum of decision; and the defendant appealed.

The material part of R. L. c. 28, § 2, is as follows: "Such boards [of park commissioners] may locate public parks within the limits of their respective cities or towns and for that purpose may from time to time take in fee, by purchase, gift, devise or otherwise, land which they consider desirable therefor . . . ; but no land shall be taken or expenditure incurred until an appropriation sufficient for the estimated expense thereof shall have been made by a vote of two thirds of the legal voters present and voting at a town meeting, or in a city in which the city council consists of two branches by a vote of two thirds of the members of each branch, and in a city in which there is a single legislative board, by a vote of two thirds of the members thereof, present and voting thereon. Such expenditures shall not exceed the appropriations made therefor, and all contracts involving expenditures in excess of such appropriations shall be void."

The case was submitted on briefs.

*C. H. Beckwith & R. H. Tilton,* for the defendant.

*J. F. O'Connell, J. E. O'Connell & D. T. O'Connell,* for the plaintiff.

LORING, J. This is a bill in equity to remove a cloud on the plaintiff's title to land in the city of Springfield. The case is here on an appeal from a decree in favor of the plaintiff. In their attempt to take the plaintiff's land the park commissioners of the defendant city reversed the order of proceeding laid down in the statute under which they undertook to act. The statute (R. L. c. 28, § 2) provides that no land shall be taken until an appropriation has been made. The park commissioners first undertook to take the plaintiff's land and afterward an appropriation was made by the defendant city. The defendant contends that the subsequent appropriation made the previous taking a valid one. That contention is concluded by the decision of this court in *Lajoie* v. *Lowell,* 214 Mass. 8. The defendant would have us lay that decision on one side because the statutory requirement there in question was enacted for the direct benefit of the landowner. We

do not stop to consider whether the requirement of R. L. c. 28, § 2 (that the taking should not be made until the money had been appropriated) was not made in part for the benefit of the landowner. That fact is not of consequence. The doctrine on which *Lajoie* v. *Lowell* was decided is that the taking of property by eminent domain is an act *strictissimi juris* and is valid only when the statutory requirements are performed with exactness. When the railroad company in *Lajoie* v. *Lowell* attempted to take the plaintiff's land lying outside of its five rod location it had no jurisdiction to do so because it had not obtained permission from the county commissioners. After jurisdiction was obtained by the subsequent act of the county commissioners no taking was made. That doctrine applies in the case at bar.

There is nothing in the defendant's contention that the plaintiff has mistaken his remedy and should have brought a petition for certiorari. A taking which is invalid for lack of jurisdiction can be shown to be a nullity whenever it is set up in a court of law. See, for example, *Lajoie* v. *Lowell, ubi supra; Whitten* v. *Haverhill,* 204 Mass. 95. *A fortiori* such a taking can be made the subject of a bill to remove a cloud on title.

*Decree affirmed with costs.*