BRECKWOOD REAL ESTATE COMPANY *vs.* CITY OF SPRINGFIELD.

Hampden. March 1, 1926. — January 4, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Eminent Domain. Estoppel. Damages,* For property taken or damaged under statutory authority.

An order, adopted by a two-thirds vote of a city council in 1924, making an appropriation of $513,000 for "acquiring land for any purpose for which a city or town is or may hereafter be authorized to acquire land, not otherwise herein specified," and containing no other description of land to be taken, was invalid because the appropriation of money was not in accordance with the requirements of G. L. c. 40, § 14; Sts. 1921, c. 486, § 7; 1923, c. 266, although it was followed by another order, not shown to have been adopted by a two-thirds vote, specifically appropriating out of said sum of $513,000 the sum of $18,000 "toward defraying the cost of acquiring land in the Boston Road District for schoolhouse purposes, as described in an order passed by the City Council," and was also followed by a third order not shown to have

been passed by a two-thirds vote, specifically taking described land but containing no appropriation.

An order of taking of land by a board of aldermen of a city, adopted without any previous authorization by the city council or appropriation of money made for the purpose by a two-thirds vote of the city council as required by G. L. c. 40, § 14; Sts. 1921, c. 486, § 7; 1923, c. 266, is void.

Since the enactment of St. 1915, c. 263, a city is not estopped to deny the validity of a taking of land on the ground that it is not in accordance with the votes of the common council required by G. L. c. 40, § 14; Sts. 1921, c. 486, § 7; 1923, c. 266, although it has taken possession of the land and has begun the erection of a school building thereon which has been completed to the level of the first floor.

PETITION, filed in the Superior Court on July 18, 1925, for the assessment of damages for the alleged taking of two parcels of land of the petitioner.

The facts were agreed upon. Besides those described in the opinion, it appeared that there was a third order of the common council on July 21, 1924, not shown to have been passed by a two-thirds vote, and specifically taking the parcel described in the petition, but not making an appropriation of money therefor. The second parcel described in the petition was the subject of the vote of December 22, 1924.

The action was reported to this court by *Burns*, J., upon the agreed facts without a finding, the parties agreeing that, if it was determined that the taking by the city was invalid, the petition should be dismissed; but if the taking was valid, the case should stand for trial by jury.

The case was submitted on briefs.

*F. G. Wooden & H. P. Small*, for the petitioner.

*C. H. Beckwith*, City Solicitor, for the respondent.

CROSBY, J. This is a petition for assessment by a jury of damages for the alleged taking of certain parcels of land for schoolhouse purposes. The petitioner alleged that the city took its lands by virtue of two orders: one passed July 21, 1924, (copy of which was recorded in the registry of deeds on July 29, 1924,) and the other passed December 22, 1924, (copy of which was recorded in the registry of deeds on December 30, 1924). The case is here upon a report by a judge of the Superior Court.

The respondent denies that by the orders before referred

to the petitioner's land was taken by eminent domain; and denies that said taking was previously authorized by the city council, or that any appropriation was previously made by a two-thirds vote of that body.

G. L. c. 40, § 14, as amended by St. 1921, c. 486, § 7; St. 1923, c. 266, provides that the aldermen of a city may purchase or take by eminent domain under G. L. c. 79 "for any municipal purpose any land, easement or right therein within the town not already appropriated to public use . . . but no land, easement or right therein shall be taken or purchased under this section unless the taking or purchase thereof has previously been authorized by the city council . . . nor until an appropriation of money, to be raised by loan or otherwise, has been made for the purpose by a two thirds vote of the city council . . ." St. 1925, c. 272, was passed after the events here involved.

If it be assumed that the order adopted by the city council on July 21, 1924, was passed by a two-thirds vote, it is plain that it was not an appropriation of money for the purpose of defraying the expense of the taking of the petitioner's lands. By its terms it was for "acquiring land for any purpose for which a city or town is or may hereafter be authorized to acquire land, not otherwise herein specified . . ." The order does not describe any land of the petitioner or of any other owner. Although it appropriates $513,000 for the taking of the land for the purposes described in the order, as it makes no reference to any land of the petitioner it is not sufficient to authorize the taking here assailed.

The subsequent order passed on the same day, but so far as appears not by a two-thirds vote, specifically appropriating out of said sum of $513,000 the sum of $18,000 "toward defraying the cost of acquiring land in the Boston Road District for schoolhouse purposes, as described in an order passed by the City Council . . ." is insufficient. The order of taking passed on July 21, 1924, was invalid because of the insufficiency of the order appropriating money.

The order of taking by the board of aldermen on December 22, 1924, was passed without any previous authorization

by the city council or appropriation of money made for the purpose by a two-thirds vote of the city council, as required by G. L. c. 40, § 14, as amended by St. 1921, c. 486, § 7, and St. 1923, c. 266. It is therefore void. Where land is sought to be taken by eminent domain, the statutory authority granted by the Legislature must be strictly pursued and all the conditions performed. *Lajoie* v. *Lowell*, 214 Mass. 8. *Spare* v. *Springfield*, 231 Mass. 267. See *Watertown* v. *Dana*, 255 Mass. 67.

Notwithstanding the failure of the respondent to comply with the statutory requirements in the particulars above referred to, the petitioner contends that, as the city has taken possession of the land and has begun the erection of a school building thereon which has been completed to the level of the first floor, the respondent is estopped to deny that the takings were valid.

G. L. c. 40, § 14, above referred to, in effect prohibits the taking of land for municipal purposes unless an appropriation has been made by a two-thirds vote of the city council in cities; it was first embodied in St. 1915, c. 263, which is entitled "An Act relative to the taking of land by cities and towns for municipal purposes." The dominant purpose and intention of the Legislature in the enactment of this statute was to protect the people of municipalities from the appropriation and expenditure of the public funds unless and until such appropriation had been previously authorized by the safeguard of a two-thirds vote of the city council or a two-thirds vote of the town at a regular meeting. That statute was a mandate from the Legislature imperatively requiring cities and towns as subdivisions of government to proceed in a specified way and conferring power only upon the condition of compliance with that mandate. That the power so delegated to those entrusted with the expenditure of the public moneys be lawful, it must appear that the terms of the statute have been complied with. It is plain that no land can be taken for municipal purposes except in accordance with the terms of the statute. If, as in the case at bar, an appropriation has not been previously made by a two-thirds vote of the city council, the city obtains no title

to the land and none can be deemed to be vested in the city by estoppel or otherwise.    To reach a different result would in effect nullify the express requirements of the statute.

Decisions of this court which have held that a municipality that had entered upon land could not deny the validity of its act because of its failure to comply with some statutory requirement are not in conflict with the conclusion reached in the case at bar, as they were all made before the enactment of St. 1915, c. 263, (see now G. L. c. 40, § 14).    The provisions of the governing statutes considered in these decisions were less stringent than in the case at bar.    See *Bailey* v. *Woburn,* 126 Mass. 416; *Aetna Mills* v. *Waltham,* 126 Mass. 422; *Spaulding* v. *Arlington,* 126 Mass. 492, 494; *Cowdrey* v. *Woburn,* 136 Mass. 409; *Turner* v. *Gardner,* 216 Mass. 65; *Spaulding* v. *Plainville,* 218 Mass. 321, 323.

In accordance with the terms of the report, the entry must be

*Petition dismissed.*