DAVID ALLEN REED & others *vs.* CITY OF SPRINGFIELD.

Hampden.   September 23, 1926. — January 4, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Eminent Domain. Estoppel. Damages,* For property taken or damaged under statutory authority.

Neither a vote adopted by a two-thirds vote of the city council of Springfield and reciting that "for the purposes specified in Chapter 44, Section 7, Paragraph 2 of the General Laws of Massachusetts for acquiring land for public parks, there is hereby appropriated the sum of one hundred thirty-eight thousand dollars," nor a second vote adopted on the same day referring to the first vote and specifically appropriating the $138,000 mentioned in the earlier order "toward defraying the cost of acquiring for park purposes certain property comprising two hundred twenty-two and thirty-three one hundredths (222.33) acres, as shown outlined in yellow on the blue print herewith presented," nor such votes together, constitute a compliance with the requirements of G. L. c. 40, § 14; Sts. 1921, c. 486, § 7; 1923, c. 266, which is a prerequisite to a valid taking by park commissioners under G. L. c. 45, § 3; St. 1924, c. 209, § 2.

The mere facts that, following the votes above described, the board of
park commissioners took possession of certain land and filed an order
of taking in the appropriate registry of deeds, that after such filing the
board had exclusive possession and control of said land and had posted
signs thereon, had collected rent for the use of the land, and had
exercised other acts of ownership and dominion over it, did not estop
the city from denying the validity of the taking.

PETITION, filed in the Superior Court on July 22, 1925, for
the assessment by a jury of damages due to the alleged tak-
ing by the respondent of land of the petitioner for park
purposes.

In the Superior Court, the parties agreeing upon the facts
relating to the validity of the taking, *Burns,* J., at their
request and without making any decision thereon reported
the question of the validity of the taking to this court for
determination, it being understood that the question thus
submitted included all questions in the case except the
amount of damages, that there was no waiver of any rights
of trial by jury on the question of damages, and that the
report was made without prejudice to any right of trial by
jury on the question of damages.

The case was argued at the bar in September, 1926, before
*Rugg,* C.J., *Crosby, Carroll, Wait,* & *Sanderson,* JJ., and
afterwards was submitted on briefs to all the Justices.

*C. W. Bosworth,* (*R. W. Crowell* with him,) for the pe-
titioners.

*C. H. Beckwith,* City Solicitor, (*D. M. Macaulay,* Assistant
City Solicitor, with him,) for the respondent.

CROSBY, J. This is a petition for the assessment of
damages for the alleged taking of land of the petitioners for
park purposes. The petitioner alleges that the city took the
land by an order of its board of park commissioners passed
on July 31, 1924. The respondent in its answer denies the
validity of the order and alleges that the taking was not
previously authorized by the city; and denies that any ap-
propriation was made for the purpose by a two-thirds vote
of the city council. The case is here upon a report by a judge
of the Superior Court in which is embodied an agreed state-
ment of facts.

G. L. c. 45, § 2, as amended by St. 1924, c. 209, § 1, provides that cities and towns may elect a board of park commissioners. Section 3 of G. L. c. 45, as amended by St. 1924, c. 209, § 2, provides that "Any such board may locate public parks within its city or town and for that purpose may take in fee by eminent domain under chapter seventy-nine . . . land which it considers desirable therefor . . . but any such taking by eminent domain or by purchase shall be subject to the provisions of section fourteen of chapter forty."

G. L. c. 40, § 14, as amended by St. 1921, c. 486, § 7, and by St. 1923, c. 266, provides in part as follows: "The aldermen of any city, except Boston . . . may purchase, or take by eminent domain under chapter seventy-nine, for any municipal purpose any land, easement or right therein within the town not already appropriated to public use, . . . but no land, easement or right therein shall be taken or purchased under this section unless the taking or purchase thereof has previously been authorized by the city council . . . nor until an appropriation of money, to be raised by loan or otherwise, has been made for the purpose by a two thirds vote of the city council . . . ."

An order approved by the mayor July 21, 1924, was passed by a two-thirds vote of the city council. It recited that "for the purposes specified in Chapter 44, Section 7, Paragraph 2 of the General Laws of Massachusetts for acquiring land for public parks, there is hereby appropriated the sum of one hundred thirty-eight thousand dollars . . . ." Other provisions of the order relate to the issue of bonds. G. L. c. 79, § 1, provides that the board "may adopt an order of taking, which shall contain a description of the land taken sufficiently accurate for identification, and shall state the interest therein taken and the purpose for which such property is taken . . . ." The order above referred to contained no description of the land intended to be taken, or the interest therein taken, nor does it refer to any land of the petitioner. It was not an appropriation for the purpose of paying for the taking of the petitioner's land. It was "for acquiring land for public parks." It is plain that this order does not authorize the taking of the petitioner's land.

A second order was passed by the city council on the same date that the order previously referred to was approved by the mayor, namely, on July 21, 1924. This second order referred to the first and specifically appropriated the $138,000 mentioned in the earlier order "toward defraying the cost of acquiring for park purposes certain property comprising two-hundred twenty-two and thirty-three one hundredths (222.33) acres, as shown outlined in yellow on the blue print herewith presented . . . ." This order in form and substance is merely an order appropriating the sum named. It contains no authority to take any land, but is in such form as would ordinarily be adopted for an appropriation of money by a two-thirds vote of the city council. It is plain that it cannot be construed as authorizing a taking of land such as is made a necessary prerequisite in St. 1923, c. 266, to a valid taking by the park commissioners.

The facts that the city, by its board of park commissioners, after the passage of the orders, took possession of the petitioner's land and filed an order of taking in the registry of deeds on August 2, 1924; that since that date it has had exclusive possession and control of said land and has posted signs thereon, has collected rent for the use of the land, and exercised other acts of ownership and dominion over the same, do not estop the respondent from denying the validity of the orders of taking. That is settled by the decision in the case of *Breckwood Real Estate Co.* v. *Springfield, ante,* 111.

*Petition dismissed.*