FRANCIS E. RYAN *vs.* CITY OF SOMERVILLE
& another.

Middlesex.   November 8, 1951. — January 30, 1952.

Present: QUA, C.J., LUMMUS, RONAN, & SPALDING, JJ.

*Municipal Corporations,* Contracts.  *Contract,* Validity, With municipality.
*Somerville.   Estoppel.*

A purported contract by the city of Somerville for collection of garbage,
which would involve the city in expense through furnishing certain
workmen, was invalid for want of the certification by the city auditor
required by a provision of the city charter that a "contract . . . for
the performance of labor . . . shall [not] be awarded by the city
unless and until the city auditor has certified on said contract . . .
that there is . . . [a sufficient] unencumbered balance in the appro-
priation chargeable therefor."

A city was not estopped from asserting that an executory contract pur-
portedly made by it was invalid for want of a certain certification by
the city auditor thereon required by the city charter.

BILL IN EQUITY for a declaratory decree, filed in the
Superior Court on August 16, 1950.

The suit was heard by *Good,* J.

*C. S. McLaughlin,* for the plaintiff.

*G. R. Farnum,* (*R. J. Muldoon,* City Solicitor, with him,)
for the defendants.

LUMMUS, J.   On August 16, 1950, the plaintiff filed this
bill in equity against the city of Somerville and its mayor,
John M. Lynch, to have adjudged valid a contract awarded
by the city to the plaintiff on December 14, 1949, for the
collection of garbage in said city for five years.   The de-
fendants deny the validity of the contract.   The judge found
specially that the contract "did not contain certification by
the city auditor as required by law," and entered a final de-
cree adjudging that the contract is invalid, with costs to the
defendants.   The plaintiff appealed.   The evidence is re-
ported, but there is no finding of facts beyond the fact above
stated.

By St. 1937, c. 363, the city charter (*Lynch* v. *Somerville,* 326 Mass. 68) was amended by the insertion of the following provision: "No contract or order for the performance of labor . . . , except in cases of special emergency involving the health or safety of the people or their property, shall be awarded by the city unless and until the city auditor has certified on said contract or order that there is an unencumbered balance in the appropriation chargeable therefor sufficient to cover the cost of said labor . . . ." There is no suggestion that any "special emergency" existed. The contract involved the city in expense, because it provided that the city should furnish four employees for each of six trucks, and all the city was to receive was $100 a year. No certificate by the city auditor appears "on said contract" or elsewhere. There was some evidence that a certificate by the auditor had been on the contract, but the judge was entitled to disbelieve it, and to find as he did, and we cannot say that he was plainly wrong.

In *Adalian Brothers, Inc.* v. *Boston,* 323 Mass. 629, 631, the present Chief Justice said, "Persons dealing with a municipality must take notice of limitations . . . upon the contracting power of the municipality and are bound by them and cannot recover upon contracts attempted to be made in violation of them." In *Wormstead* v. *Lynn,* 184 Mass. 425, 428, it was said that where a person enters into a contract with a public officer purporting to act for a municipality, "Such a person is bound at his peril to ascertain the extent of the authority of the public officer with whom he deals." See also *Duff* v. *Southbridge,* 325 Mass. 224, 228; *Quincy* v. *Brooks-Skinner, Inc.* 325 Mass. 406, 413.

But the plaintiff contends that the city is estopped to set up the invalidity of the contract. He relies on *Aetna Mills* v. *Waltham,* 126 Mass. 422, and *Spaulding* v. *Plainville,* 218 Mass. 321. In the former case a town, having the right to take the waters of the Charles River, and having purported to exercise that right and having actually taken and used those waters, was held precluded from denying the technical validity of the taking in a petition for damages

for the waters taken. The latter case determines the same principle. In that latter case, at page 323, Loring, J., stated the doctrine of *Cowdrey* v. *Woburn*, 136 Mass. 409, to be that "where a person has done an act which can be justified only on the assumption that he has taken the property of another, the owner of the property can proceed against that person on the ground that the property has been taken, and that it does not lie in the mouth of that person to set up in defense that he has not done the formal act which the Legislature required him to do if he took the property." Compare *Breckwood Real Estate Co.* v. *Springfield*, 258 Mass. 111, 115; *Reed* v. *Springfield*, 258 Mass. 115, 118.

Those cases of estoppel have no application to the case at bar. They were cases of executed transactions. We are here dealing with an executory contract. In those cases the municipality itself exercised dominion over property to which it had no right except upon the footing of a valid taking. In this case the city is exercising no dominion over anything. The plaintiff seeks to fasten upon it liability for the acts of public officers who have failed to do acts that are necessary to bind it. In our opinion no estoppel is shown.

Since the lack of certification by the city auditor is fatal to the validity of the contract, we need not consider the other questions argued. The case is governed by *Lynch* v. *Somerville*, 326 Mass. 68.

*Decree affirmed with costs of appeal.*