# RESCRIPT OPINIONS.

REYNOLDS BROS., INC., & another[1] vs. TOWN OF NORWOOD & others.[2] No. 90-P-1000. January 17, 1992. *Airport. Municipal Corporations*, Contracts, Municipal finance. *Contract*, Public works, Validity, With municipality. *Interest*. Further appellate review granted, 412 Mass. 1102 (1992).

The plaintiffs entered into a contract with the Norwood airport commission (commission) for the construction and reconstruction of the Norwood Airport for the sum of $1,874,530. This contract was subject to a funding agreement among the commission, the Federal Aviation Administration, and the Massachusetts Aeronautics Commission in which the Federal government agreed to pay ninety percent of the total cost, the State agreed to pay seven and five-tenths percent of the total cost, and the town of Norwood, two and five-tenths percent. Before executing the contract with the plaintiff, the town appropriated the sum of $48,700, its share of the cost of the project. The plaintiff completed its contract and was paid the full contract price and an additional amount for extras. However, the plaintiff brought this action in the Superior Court claiming that it is due an additional sum of money for interest because of the town's failure to make timely payments under the contract pursuant to G. L. c. 30, § 39G. The defendants denied liability on the following grounds: (1) the contract was a nullity because it did not bear a certificate from the town accountant indicating that an appropriation in the amount of such contract was available as required by the provisions of G. L. c. 44, § 31C, and (2) the provisions of G. L. c. 30, § 39G, were inapplicable because the project was subject to Federal funding. The judge in the Superior Court agreed with the defendants and allowed their motion for summary judgment. From this judgment the plaintiffs appeal. We reverse.

1. *Validity of the contract under G. L. c. 44, § 31C.* The purpose of G. L. c. 44, § 31C, is " 'to provide contractors engaged in public construction work with a ready and reliable means of ascertaining that there is an appropriation sufficient to cover the proposed work and to protect them where the contract carries a certification that there exists a sufficient appropriation,' but no such appropriation exists." *Lawrence v. Falzarano*, 380 Mass. 18, 25 (1980), quoting from *Lawrence v. Falzarano*, 7 Mass.

---

[1]Reynolds Equipment Corp., which, together with Reynolds Bros., Inc., formed Reynolds Bros. Inc./Reynolds Equipment Corp., a joint venture.

[2]The Norwood airport commission and its past and present members.

App. Ct. 591, 596-597 (1979). Failure to comply with § 31C will not necessarily render the contract invalid, particularly where the result would frustrate the purpose of the statute. *Lawrence* v. *Falzarano*, 380 Mass. at 25. Here, it is undisputed that the commission had the authority to enter into the contract and that the town had appropriated its share of the project cost at the time of the execution of the contract.

In addition to the town's appropriation the airport project was also dependent upon Federal and State grants. It, therefore, was subject to the provisions of G. L. c. 90, §§ 51K and 51L (1984 ed.), which permit an airport commission to receive and expend Federal funds for the construction of airports. Nothing in these statutes mandates that the town appropriate more than its share of the cost of the project. Specifically, § 51K states that an airport commission may award contracts for the construction of an airport "provided, that the liability incurred shall not exceed the funds available therefor, including the appropriation voted and the amount of any gift or bequest, together with the amount or amounts stated in any existing agreements for the allotment or grant of funds by the federal government or commonwealth, or both." Consequently, we conclude that the town's appropriation was sufficient to meet its liability in this case. A contrary conclusion would frustrate the purpose of the statute, which was enacted for the benefit of the general contractor. *Lawrence* v. *Falzarano*, 380 Mass. at 25. As a result, we see no reason to reach a different conclusion from that reached by the Supreme Judicial Court in *Lawrence*. There the court held a contract to be valid despite its lack of certification under G. L. c. 44, § 31C, where sufficient funds had been appropriated. *Ibid.*

2. *Federal law.* The defendants contend that since the project was dependent upon Federal funds, Federal law and not State law controls. Consequently, they argue that the provisions of G. L. c. 30, § 39G, which requires an awarding authority to pay interest on payments not timely made to a general contractor for the construction of public works is inapplicable. We note that the commission's request for bids divided the project into two phases, A and B, and indicated that only phase B was dependent on Federal funds. However, in determining the applicability of G. L. c. 30, § 39G, to the contract we do not place much weight on this arrangement. Instead, we rely on the provision of G. L. c. 90, § 51L, which provides that contracts for the construction and improvement of airports "shall be made pursuant to the laws of the commonwealth governing the making of like contracts"; provided, however, that where such construction and improvement "is financed wholly or partly with federal moneys the airport commission . . . may let contracts in the manner prescribed by federal authorities, acting under the laws of the United States, and any rules or regulations made thereunder, notwithstanding any other law of the commonwealth to the contrary." There is nothing in the record which indicates that the contract was controlled by Federal law or that the payment

of interest for failure to make timely payments to the general contractor under G. L. c. 30, § 39G, is repugnant to Federal law.

In addition, G. L. c. 30, § 39G, confers upon an awarding authority broad powers in making periodic payments to a general contractor, regardless of the source of payment. In the case of periodic payments, the awarding authority will pay the amount due within thirty-five days after receipt of written acceptance of a periodic payment estimate from the contractor and may deduct from such payment a retention based on its estimate of the fair value of its claims against the contractor, a retention for direct payment to subcontractors who demand payment after seventy days, and a retention to secure satisfactory performance of the contractual work not in excess of five percent of the periodic payment.

Moreover, § 39G was inserted after G. L. c. 90, §§ 51K and 51L, and specifically was made applicable to airports. One can presume that the Legislature was then aware of the provisions of G. L. c. 90, §§ 51K and 51L, *Hadley* v. *Amherst*, 372 Mass. 46, 51 (1977), and easily could have excluded from § 39G payments to general contractors dependent upon the allotment of Federal funds. Its failure to make this exclusion lends further support to our position that the provisions of G. L. c. 30, § 39G, apply to the contract between the parties.

We therefore conclude that the plaintiff is entitled to interest on the full amount of those payments, regardless of source, which were not timely made pursuant to G. L. c. 30, § 39G. The judgment is reversed and the matter is remanded to the Superior Court for entry of judgment on liability in favor of the plaintiff and assessment of damages in the amount of interest due pursuant to G. L. c. 30, § 39G.

*So ordered.*

*Dennis M. Ryan* for the plaintiffs.
*David A. DeLuca* for the defendants.