REYNOLDS BROTHERS, INC., & another[1] *vs.* TOWN OF
NORWOOD & another.[2]

Norfolk. April 8, 1992. - February 16, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Airport. Municipal Corporations*, Contracts, Municipal finance. *Contract*,
Public works, Validity, With municipality. *Interest*.

General Laws c. 44, § 31, forbidding municipal contract liability in excess
of appropriation, does not preclude contractors' recovery of interest
under G. L. c. 30, § 39G, for late payments by a municipality. [298-
299]

Under the provisions of G. L. c. 90, § 51K, governing funding of construc-
tion of municipal airports, liability of the municipality for interest due
on late payments to the contractors pursuant to G. L. c. 30, § 39G, is
not limited only to the proportion of the cost of the project appropriated
and paid for by the town. [299-300]

The provisions of G. L. c. 44, § 31C, did not operate to invalidate a mil-
lion-dollar municipal airport construction contract, on which the munic-
ipality sought to avoid the costs of interest on late payments to the
contractors. [300-301]

There was no merit to the argument of a municipality that Federal law
superseded G. L. c. 30, § 39G, with respect to the municipality's liabil-
ity for interest on late payments under a municipal airport construction
contract. [301]

Plaintiff contractors, seeking payment of interest on late payments from a
municipality under G. L. c. 30, § 39G, on a municipal airport building
contract, were not entitled to summary judgment, where certain mate-
rial facts were not established on the record. [301-302]

CIVIL ACTION commenced in the Superior Court Depart-
ment on November 2, 1988.

[1]Reynolds Equipment Corp.
[2]Airport commission of Norwood.

The case was heard by *Roger J. Donahue*, J., on motions for summary judgment.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Dennis M. Ryan* for the plaintiffs.

*David A. DeLuca* (*Sharon De Louchrey* with him) for the defendants.

O'CONNOR, J. The plaintiffs, whom we shall refer to collectively as "Reynolds," are construction companies operating as a joint venture enterprise. Reynolds claims that, under G. L. c. 30, § 39G (1990 ed.), it is entitled to interest on amounts paid to it by the defendant town, Norwood, for construction work at Norwood Municipal Airport. Reynolds and the defendants filed motions for summary judgment with supporting materials. A Superior Court judge allowed the defendants' motion and denied that of Reynolds. Reynolds appealed both of the judge's actions, and the Appeals Court reversed and remanded the case to the Superior Court for the entry of judgment for the plaintiffs on liability and assessment of damages in the amount of interest due. *Reynolds Bros.* v. *Norwood*, 32 Mass. App. Ct. 901 (1992). We granted the defendants' application for further appellate review. We agree with the Appeals Court that the defendants are not entitled to summary judgment. However, we do not agree with the Appeals Court's conclusion that, on the present record, Reynolds is entitled to summary judgment on liability. Therefore, we reverse the judgment for the defendants, we affirm the denial of the plaintiffs' motion for summary judgment, and we remand this case to the Superior Court for further proceedings consistent with this opinion.

The material facts are as follows. Reynolds and the Norwood airport commission (airport commission) executed a written agreement for a public construction project at Norwood Municipal Airport. The town of Norwood is responsible for the contractual obligations of the airport commission. The contract price was $1,874,530. Nothing on the face of the agreement shows that the auditor, accountant, or other Norwood officer certified that an appropriation in the amount

of the contract price was available for the agreed sum. During the course of construction, Norwood requested extra work as a result of which the total principal sum due Reynolds was $1,933,073.02. Reynolds satisfactorily performed all services required by the contract including the requested extra work. The defendants entered into a funding agreement with the Federal Aviation Administration (FAA) which provided that the FAA would fund ninety per cent of the cost of the project. The defendants also entered into a funding agreement with the Massachusetts Aeronautics Commission (MAC) calling for the State to pay seven and one-half per cent of the project's cost. The town funded the remaining two and one-half per cent. Eventually the town voted to appropriate $48,700 for the project. During the course of the project, Reynolds submitted twelve requisitions to Norwood for periodic, substantial completion, and final payments. All the requisitions were paid, but there were delays from the times Norwood approved the requisitions to the times Reynolds received payments ranging from eight to 829 days.

General Laws c. 30, § 39G, on which Reynolds's claim of entitlement to interest rests, provides in relevant part as follows: "Upon substantial completion of the work required by a contract with the commonwealth, or any . . . political subdivision thereof, for the construction, reconstruction, alteration, remodeling, repair or improvement of . . . airports . . . the contractor shall present in writing to the awarding authority its certification that the work has been substantially completed. Within twenty-one days thereafter, the awarding authority shall present to the contractor either a written declaration that the work has been substantially completed or an itemized list of incomplete or unsatisfactory work items required by the contract sufficient to demonstrate that the work has not been substantially completed. . . .

"Within sixty-five days after the effective date of a declaration of a substantial completion, the awarding authority shall prepare and forthwith send to the contractor for acceptance a substantial completion estimate for the quantity and price of the work done . . . .

" . . .

"Within thirty days after receipt by the awarding authority of a notice from the contractor stating that all the work required by the contract has been completed, the awarding authority shall prepare and send to the contractor for acceptance a final estimate for the quantity and price of the work done . . . .

"The awarding authority shall pay the amount due pursuant to any periodic, substantial completion or final estimate within thirty-five days after receipt of written acceptance for such estimate from the contractor and shall pay interest on the amount due pursuant to such estimate . . . from the thirty-fifth day to the date of payment. . . ."

The defendants contend that they are entitled to summary judgment in their favor because G. L. 30, § 39G, on which Reynolds relies, does not apply to the contract between Reynolds and Norwood. The defendants point to G. L. c. 44, § 31 (1990 ed.), which provides that "[n]o department financed by municipal revenue, or in whole or in part by taxation, of any . . . town . . . shall incur a liability in excess of the appropriation made for the use of such department, each item . . . voted by the town meeting . . . being considered as a separate appropriation . . . ." We assume without deciding that the airport commission is a town "department" within the meaning of the statute.

General Laws c. 44, § 31, establishes a general rule forbidding municipal contract liability in excess of appropriation. See *Lawrence* v. *Falzarano*, 380 Mass. 18, 24 (1980); *Marlborough* v. *Cybulski, Ohnemus & Assocs.*, 370 Mass. 157, 159-161 (1976). Ordinarily, a contractor may not recover from a town for work not covered by an appropriation. However, a contractor that does work pursuant to a contract that is covered by an appropriation and suffers damages, not contemplated or covered by the appropriation, due to the municipality's breach of the contract, such as the loss of use of money, as alleged here, is not barred from recovery. As the Appeals Court reasoned in *Thomas O'Connor & Co.* v. *Medford*, 16 Mass. App. Ct. 10, 13 (1983), "[t]here is . . . a

distinction between claims under a contract and damages for breach of that contract. . . . [Chapter 44, § 31,] is not . . . intended to extend the doctrine of municipal immunity so as to leave contractors entirely without remedy for breach of contract in the absence of an appropriation." Consistent with that reasoning, the Appeals Court in that case affirmed an award of interest under G. L. c. 30, § 39K, which contains provisions relative to interest on late payments to contractors similar to those of c. 30, § 39G., Therefore, if Norwood appropriated the necessary funds to cover the construction contract here, as we conclude it did, G. L. c. 44, § 31, does not present an obstacle to Reynolds's recovery of interest under G. L. c. 30, § 39G.

The defendants also argue that Norwood only appropriated enough money to cover its two and one-half per cent portion of the cost of the airport project, and that therefore they cannot be liable for interest due to late payment of the other ninety-seven and one-half per cent. We think that G. L. c. 90, § 51K, defeats that argument. The relevant provisions of § 51K are as follows: "After approval has been given [by the Massachusetts Aeronautics Commission], said airport commission may award such contracts; provided, that *the liability incurred shall not exceed the funds available therefor, including the appropriation voted . . . together with the amount or amounts stated in any existing agreements for the allotment or grant of funds by the federal government or commonwealth, or both.*

"If a . . . town shall have an agreement with the federal government or the commonwealth whereby such government or commonwealth grants such city or town a sum of money to be used, with funds provided by said . . . town, for an airport, and shall be required primarily to pay that portion of the expense for which reimbursement is to be received from such grant, or grants, *the treasurer of such . . . town, with the approval of the . . . selectmen . . . in anticipation of the proceeds of such grant, or grants, may incur debt, which shall be outside the debt limit, to an amount not exceeding the amount of the grant or grants, as shown by the grant*

*agreement or agreements* . . ." (emphasis added). Because the airport contract was fully funded by Norwood's appropriation and Federal and State grants, it was a binding contract and G. L. c. 44, § 31, has no effect on the defendants' liability for interest under G. L. c. 30, § 39G.

Next, the defendants argue that, even if c. 44, § 31, presents no obstacle to their liability for interest, c. 44, § 31C (1990 ed.), does so. Section 31C provides in relevant part that "*[n]o contract* for the construction, reconstruction, alteration, remodeling, repair or demolition of any . . . public work by any . . . town costing more than two thousand dollars *shall be deemed to have been made until the auditor* or accountant or other officer of the . . . town having similar duties *has certified thereon that an appropriation in the amount of such contract is available* therefor and that an officer or agent of the . . . town . . . has been authorized to execute said contract and approve all requisitions and change orders" (emphasis added). The contract here falls within the scope of c. 44, § 31C, which governs construction on "any . . . public work," because c. 30, § 39G, defines an airport as a "public work." Since there was no certification on the contract that "an appropriation in the amount of such contract is available" for payment, the defendants say, the contract is invalid and therefore G. L. c. 30, § 39G, which presupposes a valid contract, does not apply. The purpose of G. L. c. 44, § 31, "is to provide central municipal control over irresponsible municipal spending, *Amherst-Pelham Regional School Comm.* v. *Department of Educ.*, 376 Mass. 480, 494 (1978), and 'to set rigid barriers against expenditures in excess of appropriations.' " *Lawrence* v. *Falzarano, supra* at 24, quoting *Rich & Son Constr. Co.* v. *Saugus*, 355 Mass. 304, 307 (1969). However, the purpose of G. L. c. 44, § 31C, is quite different. *Lawrence* v. *Falzarano, supra* at 24-25. The purpose of § 31C is " 'to provide contractors engaged in public construction work with a ready and reliable means of ascertaining that there is an appropriation sufficient to cover the proposed work and to protect them where the contract carries a certification that there exists a sufficient appropria-

tion,' but no such appropriation exists." *Id.* at 25, quoting *Lawrence* v. *Falzarano*, 7 Mass. App. Ct. 591, 596-597 (1979). Clearly, that legislative purpose would not be served, but instead would be frustrated, by a decision in this case that the contract in question was invalidated by the absence of a certification. Therefore, as we did in *Lawrence* v. *Falzarano, supra* at 25, "[w]e adopt a reading of [c. 44, § 31C] which will effectuate rather than frustrate its evident purpose," and we hold that the contract was valid.

The defendants' final argument against their liability for interest under G. L. c. 30, § 39G, is that, pursuant to G. L. c. 90, §§ 51I, 51K, and 51L, Federal law controls, not c. 30, § 39G, and Federal law does not provide for interest on account of late payments. We reject this argument, substantially for the reasons set forth by the Appeals Court. 32 Mass. App. Ct. 901 (1992). Nothing in §§ 51I, 51K, or 51L suggests that Federal law supersedes State law, including G. L. c. 30, § 39G, in this case. Section 51K provides that the MAC and the airport commission shall act "in accordance with federal laws, rules and regulations *and applicable laws of the commonwealth*" (emphasis added). In addition, we are unaware of any Federal "law," "rule," or "regulation," see c. 90, §§ 51I, 51K, and 51L, which contradicts c. 30, § 39G. We conclude, as did the Appeals Court, that the defendants are not entitled to summary judgment.

We turn now to the question whether the plaintiffs are entitled to summary judgment as to liability. We answer that question in the negative. Early in this opinion, we set forth the relevant provisions of G. L. c. 30, § 39G. That section provides in the sixth paragraph that "[t]he awarding authority shall pay the amount due pursuant to any periodic, substantial completion or final estimate within thirty-five days *after receipt of written acceptance for* such estimate from the contractor and shall pay interest on the amount due pursuant to such estimate at [a rate determined by a prescribed formula] from that thirty-fifth day to the date of payment" (emphasis added). A reading of § 39G in its entirety makes clear that the awarding authority is required to present to

the contractor the substantial completion estimate and the final estimate to which the sixth paragraph of c. 30, § 39G, refers, and payments pursuant thereto become due only "after receipt [by the authority, here Norwood] of written acceptance for such estimate[s] from the contractor." The record in this case does not show whether or when Reynolds accepted the defendants' estimates. It has not been established for summary judgment purposes, therefore, that the plaintiffs are entitled to recover.

The entry of summary judgment for the defendants is reversed. The order denying the plaintiffs' motion for summary judgment is affirmed. We remand this case for further proceedings to determine whether Reynolds is entitled to interest and, if so, to determine the amount to which Reynolds is entitled.

*So ordered.*