Fecteau, J.
This is an action sounding in contract between the plaintiff, a private land-owner, and the municipality within which his land is located, concerning the cost of relocation of a town-owned water pipe that traveled over an abandoned, privately-owned bridge that spans a river that transverses the plaintiffs land. The defendant denies liability therefor and has filed a motion under the provisions of Rule 56 of the Rules of Civil Procedure, to which the plaintiff is opposed,[1] disputing the existence and legality of any contract and any liability therefor, citing violation of several statutes which govern municipal contracts and finance, such as G.L.c. 30B, §17, and c. 44, §31C. Primarily, the defendant contends that there was no written contract, that an exchange of correspondence does not amount to a written contract, and that the contract was not endorsed by the town auditor or accountant as certifying that there was an appropriation to cover the contract.
The plaintiff contends that as a part of his construction of a new bridge, he requested permission from the town to simply relocate the water pipe to the new bridge, using existing components, at no cost to the town, and with an expected cost to the plaintiff of approximately $5,600. The plaintiff further alleges that the town gave him permission to relocate the line, but that the water department ordered that he replace the pipe and fittings with new materials, and not only the portion which was above-ground crossing the bridge, but also that from one large underground valve to another, well in excess of the length and parts originally planned by the plaintiff or that he believed necessary. When the plaintiff objected to these requirements and confronted the town manager over the additional cost involved, the plaintiff alleges that the town manager, who was present for an on-site construction meeting along with his director of the public works department and the director of the water department,[2] indicated that the town would pay for the work. Upon being billed by his contractor for the new and enlarged work and materials which by then had been completed, for the amount of $35,852.47, and the bill sent to the town, the town manager rejected all but $5,085.91, an amount to which he said he had agreed, then paid.
The defendant relies on decisional law which includes Mass. General Hospital v. Revere, 385 Mass. 772 (1982), Ryan v. Somerville, 328 Mass. 324 (1952), an unpublished decision, Health Card Exchange, Inc. v. Commonwealth, 50 Mass.App.Ct. 1110 (2000), and a 2002 decision of the Appellate Division of the District Court, Gaffney Architects, Inc. v. Town of Brewster, 2002 WL 42902, among others.
The plaintiff relies, in turn, upon the fact that the Charter of the Town of Northbridge gives the town manager such powers as the purchasing of supplies, materials and equipment for all departments and activities of the town, the repair of town facilities and as the Chief Fiscal Officer, to whom all warrants for payment must be submitted. The plaintiff also cites the cases of Dos Santos v. Peabody, 327 Mass. 519 (1951), and Turner v. Oxford, 338 Mass. 286 (1959), for support.
“It is familiar law that one dealing with a city or town cannot recover if statutory requirements such as are contained in the defendant’s charter have not been observed, and the burden of proving compliance with such requirements rests upon the plaintiff.” Richard D. Kimball Co. v. Medford, 340 Mass. 727, 729 (1960); see also United Stales Leasing Corp. v. Chicopee, 402 Mass. 228,231 (1988). Said another way, persons who deal with the government, whether agencies or municipalities, must take notice of limitations on that entity’s contracting power and cannot recover upon a contract that oversteps those limitations. Adalian Bros., Inc. v. Boston, 323 Mass. 629, 631 (1949), Massachusetts General Hospital v. Revere, 385 Mass. 772 (1982), and Central Tow Co. v. Boston, 371 Mass. 341 (1976). “(W]here a person enters into a contract with a public officer purporting to act for a municipality, ‘[s]uch a person is bound at his peril to ascertain the extent of the authority of the public officer with whom he deals.’ ” Ryan v. Somerville, 328 Mass. 324, 325 (1952), quoting from Wormstead v. Lynn, 184 Mass. 425, 428. Moreover, the party “is in no better position on a theory of quantum meruit. Where a contract is illegal by reason of failure to comply with statutory requisites, we will not allow recovery based on quantum meruit.” Massachusetts General Hospital *256 supra, at 776. “That the city may have benefitted by the hospital’s actions is irrelevant to this issue. The statutes are controlling.” Id., at 775.
The defendant contends that the statutory requirements for a written contract imply the need for a single, integrated document, signed by both parties thereto, which would then be necessarily endorsed by the town accountant as certified to the existence of an appropriation for that contract, a certification that is viewed as a protection for the contractor even in the absence of such an appropriation. See City of Lawrence v. Fatzarano, 380 Mass. 18, 24-25 (1980). In that case, the court held that the lack of such a certification was not fatal to the plaintiffs claim, in that there was ample evidence that an appropriation for that contract had been made. Cf. Reynolds Brothers, Inc. v. Nor-wood, 414 Mass. 295, 298-301 (1993). The issue of whether the statutes require a single contract document signed by both parties has not been the subject of any case offered by the parties, nor does it appear to be expressly required, although the defendant town contends that such is implicit in a statutory requirement that the contract be certified as covered by an appropriation. Therefore, in the absence of countervailing requirements, and applying ordinary contract principles to the facts as disclosed by the motion record, it cannot be held as a matter of law that a series of writings, rather than a single written document is inadequate. When the facts of record are viewed in a light most favorable to the plaintiff, the issue of whether there was the formation of a contract, i.e., a meeting of the minds, is viewed as a genuine question of fact for which summary judgment is inapposite.
More problematic, however, is the requirement imposed by G.L.c. 44, §31C, for certification by the town accountant or auditor. Said statute states, in relevant part:
[n]o contract for the construction, reconstruction, alteration, remodeling, repair or demolition of any . . . public work ... by any town costing more than two thousand dollars shall be deemed to have been made until the auditor or accountant or other officer of . . . the town having similar duties has certified thereon that an appropriation in the amount of such contract is available therefor and that an officer or agent of the . . . town has been authorized to execute said contract and approve all requisitions and change orders . . .
The plaintiff appears to gloss over this requirement by simply referencing the town manager’s role as chief fiscal officer, to whom all warrants for payment are sent, together with the fact that the town’s annual budget, approved by the town meeting, approved and thereby appropriated a sum of money to the account of the Department of Public Works through which, arguably, water line construction and repair is funded. However, given the breadth of the appropriation, and that case law appears to support an interpretation that the statute requires certification that an appropriation has been made for a particular contract, in order to “provide central municipal control over irresponsible municipal spending,” see Lawrence v. Falzarano, supra, at 24, the statute can not be interpreted to allow that the required certification may simply be substituted by a departmental appropriation that has been made to fund its general operations for a given year. That there is potential for uncontrolled spending can be seen in the manner these events unfolded, given the fact that at the time of the alleged open-ended approval by the town manager for all expenses incurred by the plaintiff due to the replacement, there were no cost estimates provided or known, other than for the scope of the work that the plaintiff originally proposed and which the town rejected.[3]
The court is also not persuaded by the fact that the town manager is the chief fiscal officer. There is a distinction to be drawn between the act of approving warrants for payment and the act of certification that an appropriation exists for a contract. The record discloses no such certification. Even if the town manager has both the power to negotiate for and make purchases such as that in question, as well as to approve warrants for payment of such expenses, no provision of law cited by the plaintiff excuses the manager from the certification requirement imposed by G.L.c. 44, §31C. Notwithstanding the unfairness that these circumstances appear to present, this lack of certification is deemed fatal to the plaintiffs claim.
Consequently, the statutory and decisional case law compels allowance of the defendant’s motion for summary judgment.

ORDER ON MOTION

For the foregoing reasons, the defendant’s motion for summary judgment is ALLOWED.

The plaintiffs opposition includes an affidavit, against which the defendant has filed a motion to strike paragraphs 5, 10, 11, 12, 14, 15, 20 and 23.
The motion is denied, in full, with respect to paragraphs 5, 10 and 11.
The motion is allowed, in full, with respect to paragraphs 20 and 23.
The motion is allowed, in part, with portions stricken as follows, with respect to the remaining paragraphs:
12: “because any additional work is unnecessary.”
14: “that were perfectly sound and reusable.”
15: “all of the work that the town agreed to pay."
The defendant as moving party, has not filed a supporting affidavit. Therefore, other than those portions of the plaintiffs affidavit that does not survive the defendant’s motion to strike, the motion record shall include those surviving facts alleged by the plaintiffs affidavit viewed in a light most favorable to the plaintiff, together with the statement of agreed facts from the motion record and the j oint pre-trial conference memorandum.

The motion record refers to the Whitinsville Water Company. As neither party raised whether such an entity is governed by the municipal contract statutes cited by the parties, or whether it is dependent upon the appropriation to *257 the town department of public works, this court assumes, without deciding, that it is, in both respects.

Were it not for the statutory requirements relied upon by the defendant town, there exists genuine issues of material facts concerning the terms and conditions of the contract purportedly entered into: e.g.,- the plaintiff contends that the town manager orally agreed to assume all costs of the relocation and replacement, but that his correspondence only indicates his agreement to cover the cost of pipe.